CITY OF BRISTOL *v.* BANK OF BRISTOL.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

J. K. Brown, for complainant, appellee.

J. E. O'Dell, Jr., for defendant, appellant.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a proceeding brought under the Declaratory Judgments Act to obtain a construction of chapter 166 of the Private Acts of 1929. The question presented is whether that Act authorizes a bond issue by the City of Bristol in the amount of $10,000 or only authorizes an issue of $6000 of such bonds.

The caption and section 1 and section 2 of the Act are as follows:

"An Act to authorize the City of Bristol to issue ten thousand dollars ($10,000) of interest bearing coupon bonds for water works purposes.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That the City of Bristol be, and it is hereby authorized and empowered in its corporate capacity to issue and sell all or any part of $6000 of its coupon bonds at a rate of interest not exceeding six (6) per centum per annum, the proceeds thereof to be used for such extension and improvement of the water works of said city as the Board of Mayor and Commissioners may deem necessary.

"Section 2. Be it further enacted, That the bonds herein authorized shall be in denominations of $1000 each, payable serially and consecutively, one of said

bonds each year in from one to ten years after their date, and shall bear interest at a rate of not exceeding six per centum per annum payable semi-annually and represented by interest coupons attached to said bonds.''

Other sections of the Act throw no light on the question presented. In as many words, the caption designates the Act as one to authorize the City of Bristol to issue $10,000 of bonds. Section 2 of the Act provides that the bonds shall be issued in denomination of $1000 each, "payable serially and consecutively, one of said bonds each year in from one to ten years after their date." There must be ten bonds in order that one of them shall be payable each year from one to ten years after that date.

The authority ''to issue and sell all or any part of $6000 of its coupon bonds'' contained in section 1 of the Act seems to us an obvious mistake, perhaps a typographical error. Reading the whole Act, manifestly the legislative intent was to authorize an issue of $10,000 of bonds. If section 1 be interpreted literally, an absurdity follows. Six thousand ($6000) dollars of bonds cannot be divided into bonds of denomination of $1,000 each, one of which shall mature each year for ten years, as required by section 2.

■ To avoid an absurdity in legislation and to give effect to the real purpose of the lawmakers, it is permissible for the court, having ascertained that purpose from the whole statute, including the caption, to omit particular words or figures from the body of the Act or to substitute other words or figures. This is a delicate power, to be exercised with caution but authority for such procedure is abundant. It is merely the sacrifice of the letter of the statute to its true import. Decisions of this

court on the subject are collated and discussed in *Riggins
v. Tyler,* 134 Tenn.; 577. Cases from other jurisdictions
to like effect will be found collated and discussed in Lewis'
Sutherland Statutory Construction, sec. 410, *et seq.*

The chancellor reached a like conclusion and we concur
in his declaration.