[Criminal No. 809.   Filed March 11, 1935.]

[41 Pac. (2d) 1091.]

# STATE OF ARIZONA, Appellant, v. GEORGE W. HOOKER, Respondent.

Mr. Arthur T. La Prade, Attorney General, Mr. P. H. Brooks, Assistant Attorney General, and Mr. Glenn Copple, County Attorney, for Appellant.

Mr. W. F. Timmons, for Respondent.

LOCKWOOD, C. J.—George W. Hooker, hereinafter called defendant, was charged by information filed in the superior court of Yuma county with the offense of hawking, peddling and selling goods, wares and merchandise without a license. The charging part of the information reads as follows:

"That the said George W. Hooker on or about the 10th day of November, 1933, and before the filing of this information, at and in the County of Yuma, State of Arizona, did then and there, wilfully and unlawfully carry on the business of a peddler, itinerant vendor and traveling merchant, in the selling of goods, wares and merchandise, by then and there going and traveling from place to place in an automobile to hawk, peddle, sell and offer for sale the same, and not within any incorporated city or town, and did then and there wilfully and unlawfully hawk, peddle, offer for sale and sell and deliver from said automobile to various and divers persons sundry boxes and cartons of cigarettes and cigars and candy, without then and there having and obtaining from the sheriff of Yuma County, State of Arizona, and without ever having made application to said sheriff for a license to hawk, peddle, offer for sale and sell the same as aforesaid."

To this information a demurrer was filed on the ground that the information did not state facts sufficient to constitute a public offense, and a motion to quash on the ground that the law on which the information was predicated was unconstitutional. The court made an order sustaining the demurrer and granting the motion to quash, and from such order the state has taken this appeal.

█ █ There are two questions for us to consider, the first being whether it was necessary to show in the information that the defendant was not within certain statutory exceptions to section 1980, Revised Code 1928. This section reads as follows:

"§ 1980. *Peddlers and traveling merchants; application; violations; penalty.* Every traveling merchant, peddler and itinerant vendor shall pay a license tax in advance to the sheriff in every county in which he carries on business as follows: [Fixing the rate of tax for various classes of peddlers running from $25.00 to $200.00 per annum.] This section shall not apply to or include any regularly established merchant who owns a store and is engaged in the business of selling merchandise nor to any person selling agricultural, farm or nursery products, nor to any incorporated city or town, which by its charter or ordinance is vested with power or authority to license traveling merchants, hawkers, peddlers or itinerant vendors. . . .

"All taxes collected hereunder shall be paid by the sheriff into the state highway fund."

It will be noticed that there are three exceptions set forth in the section, and it was urged by defendant, and his view sustained by the court, that it was necessary for the state in the information to negative the exceptions contained in the section. We think the general rule applying to this situation is well stated as follows:

"It is necessary to negative an exception contained in a statute defining an offense where it forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation, being a matter of defense. As the rule is frequently stated, an exception in the enacting clause must be pleaded, but it is not necessary to negative an exception in a later clause or sec-

tion of the statute or in a separate statute. . . . "
31 C. J. 720, § 269; *Richardson* v. *State,* 23 Ariz. 98,
201 Pac. 845.

Upon an examination of section 1980, *supra,* and
the original statute, of which it is merely a consoli-
dated restatement, being chapter 173, Session Laws
1921, it appears to us that the exceptions to the stat-
ute are entirely separable from that portion thereof
which contains the description of the offense, and
that under the rule above stated the exceptions need
not be pleaded in the information but are a matter·
of defense. *Smith* v. *People,* 51 Colo. 270, 278, 117
Pac. 612, 36 L. R. A. (N. S.) 158; *Commonwealth* v.
*Jennings,* 121 Mass. 47, 23 Am. Rep. 249; *Wilson* v.
*State,* 33 Ark. 557, 34 Am. Rep. 52. We are there-
fore of the opinion that the trial court erred in sus-
taining the demurrer to the information.

■■ The second question arises on the motion
to quash, and is whether section 1980 is constitu-
tional. It is obvious from the amount of the license
tax imposed by the section and from the fact that it
is to be paid into the state highway fund that the
section is not one of regulation under the police
power, but is intended as a revenue producing meas-
ure. The amount of the tax imposed, while clearly
excessive if the measure was merely regulatory, can-
not be said to be so high as to be unconstitutional
when intended for the production of revenue. *Mc-
Knight* v. *Hodge,* 55 Wash. 289, 104 Pac. 504, 40
L. R. A. (N. S.) 1207. It is urged that even if this
be true, the exemptions are unconstitutional as grant-
ing special privileges to one class of citizens as
against another and therefore in violation of article
4, part 2, section 19, Constitution of Arizona, which
forbids the granting of special and exclusive privi-
leges, immunities, and franchises. It is the rule that
under our Constitution exceptions to the objects af-

fected by a revenue statute may be made providing there is a reasonable ground for the exception, and the question of reasonableness must be determined according to the facts of each particular case.

■■ The first exception which we find is "any regularly established merchant who owns a store and is engaged in the business of selling merchandise." If this exception is taken to mean that a person of the class described therein may engage in the business of a peddler and itinerant vendor, without the payment of the tax provided by the section, it would clearly be unconstitutional, as granting a special privilege with no reasonable grounds therefor. It is our duty, however, to give to the language of all statutes a meaning that will render them constitutional if this can reasonably be done. We are of the opinion that it is reasonable to suppose from the language that the intent of the legislature in making the exception was to establish beyond doubt that a person engaged in business at a fixed place and there only should not be considered as a "traveling merchant, . . . peddler or itinerant vendor," and that so long as he confined his operations to a fixed place of business, such as is commonly called a store, he was not subject to the license tax. With this meaning attributed to the first exception, it is clearly constitutional, for a person conducting a business, which he owns at a fixed place only, is obviously within a different class from an itinerant peddler and may properly be required to pay a different tax.

The second exception is one who is "selling agricultural, farm or nursery products." Statutes of this nature exempting the peddlers of agricultural products have been repeatedly adopted in other states and such exceptions are almost always upheld. *In re Abel,* 10 Idaho 288, 77 Pac. 621; *Kansas City* v.

*Overton,* 68 Kan. 560, 75 Pac. 549; *People* v. *Sawyer,* 106 Mich. 428, 64 N. W. 333.

The third exception is "any incorporated city or town, which by its charter or ordinance is vested with power or authority to license traveling merchants, hawkers, peddlers or itinerant vendors." If this exception is to be given its literal meaning, it would seem the legislature contemplated cities going into the peddling business. We cannot, however, believe that such was its intention, and assume that it meant that peddlers who operate solely within the city or town of the kind described should not pay any state or county license tax, but only such tax as might be imposed by the city or town. We are of the opinion that this also is a reasonable exception, and that if the legislature in its wisdom desires to leave the taxing of peddlers operating solely within an incorporated city or town to such municipality, it is a constitutional discrimination.

For these reasons, we are of the opinion that since the act, as interpreted by us, is constitutional and since it was not necessary to negative the exceptions contained therein, the trial court erred in its order dismissing the information. The case is remanded to the superior court of Yuma county with instructions to deny the motion to quash and overrule the demurrer, and for such further proceedings as may be advisable.

McALISTER and ROSS, JJ., concur.