FARMER *v.* WISEMAN *et al.*

(*Nashville*, December Term, 1940.)

Opinion filed June 14, 1941.

CHARLES C. MOORE, of Chattanooga, for complainant.

GOINS & GAMMON, of Chattanooga, for defendants.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill attacked the constitutionality of Chapter 220, Private Acts of 1941, repealing the Sequatchie County road law enacted in 1939, and providing a new road law for that County. The Chancellor (Circuit Judge Alan S. Kelly sitting by interchange) held the Act unconstitutional on the ground that it failed to fix any term of office for the members of the road Commission created by the Act. He sustained the bill, and made permanent his injunction restraining the members of the new Commission named in the Act from acting. Defendants appealed.

The Act created a commission of three and named defendants Wiseman, Harwood and Wells as chairman, secretary and associate chairman, respectively, fixed the compensation for each of them, provided that they should take and hold office from and after the passage of the Act, (thus ousting the incumbent) "until the general election of the Road Commission in 1942."

The insistence below was that the Act conferred upon the Commissioners named therein an "unlimited term and vests in the Commission itself the election of suc-

cessors." The opinion of the learned Special Chancellor, brought up with the record, thus clearly and forcefully discusses this issue:

"By Section 2 of the Act it is provided that these three members are to be elected from the County at large 'at the regular general election thereafter.'

"By Section 13 of the Act, the defendant Ed Wiseman is appointed Chairman, Lester Harwood Secretary and Willie Wells Associate Commissioner to serve 'until the general election of the Road Commissioners in 1942.' And by Section 15, 'that in the event of a vacancy occurring in said County Road Commission or on account of any reason whatsoever the vacancy shall be filled by the remaining Commissioners and the person chosen to fill said vacancy shall serve until his successor is elected and qualified.'

"This is all there is in the Act with respect to when the Road Commission created shall be elected; when their terms begin and when they end. There are two general elections in 1942. Three questions the Act leaves unanswered, to-wit:

"1. What general election in 1942?

"2. When does the term of the Commissioners to be elected begin?

"3. When do the terms of the Commissioners so elected end?

"It is correctly insisted by the defendants that the courts will not hold an Act to be invalid if there is any reasonable construction of the Act which will permit it to stand.

"The Courts will seek the aid of the Constitution itself to sustain the validity of an Act of the Legislature. As said by Judge SHIELDS in the case of *Maxey*

582

v. *Powers,* 117 Tenn., [381], page 400, [101 S. W., 181, at page 186]:

"'The Constitution is the fundamental law of the State, and every statute enacted by the General Assembly must be construed in the light of its provisions. Those provisions applicable to the particular legislation in hand are to be considered as written into it and a part of it.'

"And also at page 403 [of 117 Tenn., at page 187 of 101 S. W.]:

"'The legislative intent will prevail over the strict letter or literal sense of the language used, and, in order to carry into effect this intent, general terms will be limited, and those that are narrow expanded.'

 "In this case it was held that the Constitution provided for an election which the Act did not. Construing the Act in question in the light of the Constitution the first question, 'what election in 1942,' can be answered. Section 5 of Article 7 of the Constitution provides for the election of judicial and other civil officers on the first Thursday in August. 'Other civil officers' has been said to include County officers. Consequently, construing the Act and the Constitution together the Commission is to be elected at the general August election, 1942.

"As to the second question, when do the terms of the Commissioners elected in August, 1942, begin, the Act is silent. Section 5 of Article 7 of the Constitution further provides that the term of all officers elected at the general August election shall begin on the succeeding first day of September.

"In the case of *State* v. *Ritzius,* 164 Tenn., 259, [47 S. W. (2d), 558], it was held that in an Act providing for a different beginning of such term the Constitution would be read into the Act so as to make the term begin on

September 1st, though a later date for its beginning was fixed by the Act.

"In the case of *State* v. *Mayes,* 165 Tenn., 381, [54 S. W. (2d), 941], the Constitution was read into an Act which provided a different date for the beginning of the term of the office of Tax Assessor.

"So reading the Constitution into the Act we can with certainty say that the term of the Commissioners elected in August, 1942, begins on the 1st day of September, 1942.

"This leaves the question remaining: When does the term of the Commissioners so elected end? The Act is silent and the Constitution is silent. Such officers are not referred to in the Constitution and there is no general language in the Constitution which would fix a limit to the term of such office. If so, it would be read into the Act. The Constitution deals with the term of many officers and fixes the terms of Sheriff, Trustee, and others named at two years: Register, Clerks of Inferior Courts, four years, Justices of the Peace and Clerk & Master at six years and County Judges at eight years.

"If this Act dealt with an office contemplated by the Constitution, the constitutional provision with respect to the term of the office would be written into the Act. In cases where the Act prescribes a longer term than the Constitution, or a shorter term than the Constitution, the Constitution will be read into the Act to shorten the term, or to lengthen it, to conform with the Constitutional provision and save the Act from invalidity.

"In the case of *State* v. *Leonard,* 86 Tenn., 485, [7 S. W., 453], the Act in question there fixed the term of office of the County Judge at four years. The Constitution fixed it at eight and was read into the Act to fix the term

of the Judge at eight years, to conform to the Constitution.

"In this case the defendants insist that the intention was to limit the term of Commissioners to two years and have an election every two years, but there is nothing at all in the Act to indicate this. It is our duty to look to the Constitution for help under the cases cited, but looking there it cannot be found.

"The defendants ask us to write in two years. It could with equal plausibility be asked that we write in four years, six years, or eight years. These are terms of office fixed in different cases by the Constitution, but none are applicable to the office of Road Commissioner.

■ "It was within the power of the Legislature to fix the term of office. This it did not do and the Constitution contemplates that a term of office should be fixed, and not continuous, or for life. The Legislature might have fixed the term at two, four, six or eight years, as in its discretion it wished. Our Constitution does not seem to contemplate a term of office longer than eight years, and a term fixed beyond that might be seriously questioned. But, in any event, it contemplates a fixed term of office and, if the Constitution does not fix it, then the Legislature must, because the Constitution does not contemplate that a man hold office indefinitely, or that the Legislature would have the power to confer an office or any person for life, or an indefinite tenure.

■ "This Act, it appears to the court, under every possible construction, so does, and is therefore unconstitutional and invalid.

■ "It is strongly insisted that even though the Act be invalid for the reason that it confers on the Commission to be elected in 1942 an office without term, or for life, that complainant cannot maintain this bill against

these defendants because the Act provides that the tenure of the defendants shall end with the election in 1942. It is sufficient to say that the defendants are appointed to a vacancy in an office and, presumably in deference to the Constitutional provision, were appointed until the Commission contemplated could be elected in the general election in 1942. The Act being invalid and not creating a Commission there was, therefore, no vacancy be filled by the Legislature."

We approve the conclusion reached by the Chancellor and find it unnecessary to add further comment. The decree is affirmed.