TERRELL, Justice.
Appellants were informed against for violating paragraph one, Section 550.35, Florida Statutes F.S.A., relating to the transmission of racing information for gambling purposes as follows:
“It shall be unlawful for any person to transmit or communicate to another by any means whatsoever the results, changing odds, track conditions, jockey changes, or any other information relating to any horse race from .any race track in this state, between the period of time beginning one hour prior to the first race of any day and ending thirty minutes after the posting of the official results of each race as to that particular race, excepting that this time may be reduced to permit the transmitting of the results of the last race each day not sooner than fifteen minutes after the official post *895 ing of such results. Provided, however, that the state racing commission may, by rule, permit the immediate transmission 'by ; radio, television, or press wire of any pertinent information concerning • not more than two feature races each week.”
The information' in both cases was quashed and the state has appealed. The only ■ question presented goes to the sufficiency of the information to. state a cause of action. The state contends that this question should have been answered in the affirmative and relies on State v. Ucciferri, Fla., 61 So. 2d 374 and State v. Pound, Fla., 49 So.2d 521, to support its contention.
The information in the Ucciferri case was very similar to the information in the present case hut the charge in the two cases was entirely different. In the .Uc-ciferri case the question was whether or not the statute, Section 550.35(1), violated the free speech provision of the Federal Constitution. We answered in the negative. The information in’ the Ucciferri case named the race in which the statute was violated and detailed such other facts as wer.e essential for the defendant to prepare his defense.
The- information in this case was as follows :
“That H. S. Slaton, of the County of Dade -and State of Florida, on the 20th day of March, in the year of our Lord, one thousand and nine hundred and fifty two, in the County and State aforesaid, did unlawfully transmit or communicate to person or persons unknown, the result of a horse race, from a track operating in the State of Florida, to-wit: Gulf stream Park, within thirty minutes after the posting of the official result of the said race, * * *»
 II is not necessary to prove knowledge or intent on the part of defendant to violate the statute. (It must be shown that the prohibited information was knowingly used or that it was intended to be used in violation of the statute.) The time of the offense must be stated 'with such definiteness as to describe it, when as here, it becomes , a material element. Since it was the practice to run a series of races each day,, the race in which the violation was 'committed should be stated.,
For these and other reasons the information was insufficient so the judgment appealed from is'affirmed.
Affirmed.
ROBRRTS, C. J., and SEBRING and MATHEWS, JJ., -concur..