125 So.2d 560 (1960)
Sol I. COHEN, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida.
November 30, 1960.
Rehearing Denied January 17, 1961.
*561 Truett & Watkins, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
This is the same case considered previously in our opinion reported at 121 So.2d 155. Following that opinion and in accordance with the directions contained therein, the trial court entered an Amended Order Denying Motion to Quash and Motion for New Trial in which the court recited that it directly passed upon the validity of § 847.01 F.S. 1957, F.S.A., and determined it to be valid. Thus, it is now clear that we do have jurisdiction of this appeal.
As explained in our first opinion above mentioned, the appellant, Sol I. Cohen, was informed against, tried by jury, found and adjudged guilty, and sentenced for a violation of § 847.01, supra.
Appellant was proceeded against under the first subsection of said statute which reads as follows:
"(1) It is declared to be unlawful to publish, sell, distribute, lend, show or transmute, or to offer to do any of the foregoing, of any obscene, lewd, lascivious, filthy, indecent, immoral, degrading, sadistic, masochistic or disgusting book, `pocket book,' magazine, periodical, pamphlet, newspaper, article, comic book, story book, story paper, writing, paper, picture, drawing, photograph, figure, image, motion picture film, phonograph record, wire or tape or other recording, or any other form of reproduction or any representation devoted principally to the presentation and exploitation of illicit sex, lust, passion, depravity or immorality. Whoever violates the provisions of this subsection shall be guilty of a felony and upon conviction shall be fined not more than one thousand dollars ($1,000.00) or be imprisoned for a period not to exceed three (3) years, or both. * * *"
It is apparent that scienter is not prescribed in the statute. Therefore the statute as written makes it a crime to sell or distribute any publication or article of the character described therein irrespective of whether the person selling or distributing has or does not have knowledge of the obscene, lewd, etc. character of the contents of the publication or article.
The material allegations of the information under which appellant was tried and convicted read:
"* * * Sol I. Cohen * * * did unlawfully sell and distribute an obscene, lewd, lascivious, filthy, indecent, immoral, degrading or disgusting magazine, periodical or pamphlet, to-wit: Cocktail, Volume Number One, Issue *562 Number Two, a further and more particular description of the said magazine, periodical or pamphlet being to the State Attorney unknown, * * *."
Appellant attacks his conviction on several grounds.
First and foremost he contends that § 847.01 is unconstitutional in that it eliminates the requirement of scienter and because it fails to set forth ascertainable standards of guilt.
He also contends that the information is so vague, indefinite, and uncertain as to fail to charge any offense. In addition he says the trial court erred in refusing to grant his motion for directed verdict and motion for new trial for the reason that the evidence was insufficient to support the verdict of guilty.
Last, he argues that the trial court committed error in giving certain instructions to the jury and in refusing to give others requested by appellant.
In its brief, the State admits that if the statute in question is construed as eliminating the element of scienter it would probably be unconstitutional under the holding of the United States Supreme Court in the recent case of Smith v. People of State of California, 1959, 361 U.S. 147, 80 S.Ct. 215, 216, 4 L.Ed.2d 205.
In the last cited case Smith was charged under an ordinance of the City of Los Angeles, which ordinance made it unlawful "for any person to have in his possession any obscene or indecent writing, [or] book * * * in any place of business where * * * books * * * are sold or kept for sale."
The majority opinion of the United States Supreme Court in that case held the ordinance to be invalid as a violation of the First Amendment to the United States Constitution as made applicable to State action by the due process clause of the Fourteenth Amendment.
The majority opinion held that the effect of the ordinance as it was construed and applied by the trial court and the state appellate court was to impose a strict or absolute criminal responsibility on the appellant Smith not to have obscene books in his shop. The ordinance was held to eliminate the element of scienter, i.e. knowledge of the obscene or indecent character of such books, thereby making Smith criminally responsible irrespective of his knowledge of the obscene or indecent character of the books in his shop.
The court held such effect would so tend to inhibit constitutionally protected expression that the ordinance could not stand.
However, says the State, the instant statute can and should be construed as not eliminating but rather as requiring proof of scienter and, as thus construed, can be upheld. The State calls our attention to the fact that this Court has so construed at least two statutes. State v. Slaton, Fla. 1953, 68 So.2d 894 (statute prohibited illegal transmission of racing information) and Brent v. State, 1937, 127 Fla. 626, 173 So. 675 (larceny statute then in force). Also see State v. Diez, Fla. 1957, 97 So.2d 105, in which this Court held a statute requiring a non-communist oath to be constitutional by construing the statute to require those seeking state employment to take an oath in which they must swear that they have not knowingly lent aid, advise, or counsel, etc. to the Communist Party, although the form of oath set forth in the statute did not contain the word knowingly.
In its brief, the State contends that the other points raised by appellant have either been waived or are not valid bases for the reversal of the judgment and sentence under attack.
However, at the oral argument before this Court the State, while still contending that the statute should be construed as to include a requirement of scienter and should therefore be held to be valid, admitted that the trial court committed fundamental error in charging the jury that the *563 State was not required to prove scienter or knowledge of the obscene character of the publication involved herein.
We think this admission is a correct one. The State is to be commended for its candor; however, had it made the admission earlier in the proceedings the time involved in the ultimate disposition of this cause could have been shortened materially.
In its charges to the jury the trial court, among other things, instructed the jury that there were only two questions involved in a prosecution for obscenity, the first being whether the publication was obscene and the second being:
"* * * did the defendant publish, sell, distribute, lend, show, or transmute [sic] or do any other act in reference to the obscene article which the statute prohibits, irrespective of whether the defendant had knowledge of the contents of the alleged obscene article, and had only the highest and best purposes, which will not amount to a defense if the article is obscene within the meaning of the statute. * * *" (emphasis supplied)
Quite obviously the effect of the italicized portion of the above charge was to tell the jury that the appellant could be found guilty even though he had no knowledge whatsoever of the obscene character of the publication which he is charged with having sold or distributed. This is directly contrary to the holding in the Smith case, supra.
The giving of this instruction was fundamental error.
Therefore, even though we do hereafter hold that the subject statute can and should be construed to include the element of scienter and that as so construed the statute is a valid act of the legislature, this cause must be reversed because of the giving of this charge.
We have no difficulty in construing the subject statute to impliedly require a charge and proof of scienter. As indicated above we so construed statutes in State v. Slaton, supra, Brent v. State, supra, and State v. Diez, supra. We have done so more recently in the case of Cramp v. Board of Public Instruction of Orange County, Fla., 125 So.2d 554.
As set forth in the last cited case we can so construe the subject statute without being guilty of "a judicial amendment of the statute." See Lerner v. Casey, 357 U.S. 468, 78 S.Ct. 1311, 2 L.Ed.2d 1423; Adler v. Board of Education, 342 U.S. 485, 72 S.Ct. 380, 96 L.Ed. 517, 27 A.L.R.2d 472; Garner v. Board of Public Works, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317; Gerende v. Board of Supervisors, 341 U.S. 56, 71 S.Ct. 565, 95 L.Ed. 745.
For the reasons expressed in the Cramp case we are not disturbed by appellant's reliance on Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216, and on Smith v. People of State of California, supra, for in each of these cases both the state trial court and the state appellate court involved construed the statute or ordinance as not including the element of scienter and also held that proof of that element was unnecessary to conviction. In each of those cases the United States Supreme Court merely accepted the state court's construction of the statute or ordinance involved.
As we construe § 847.01(1), supra, scienter or knowledge of the obscene, lewd, etc. character of the books and other articles described in the statute is impliedly included in the statute. This means that one prosecuted under the statute must be charged with having committed the acts prohibited with knowledge of the obscene character of the documents or articles involved, and further that the state must prove such knowledge of the accused at the trial.
It follows from this construction of the subject statute that the information under which the appellant was charged was fatally defective for want of an averment *564 that the appellant had sold and distributed the publication involved, knowing it to be obscene, lewd, etc. in character.
Upon remand of this cause the state should file an amended information to correct this defect.
As pointed out by the Supreme Court of the United States in Smith v. People of State of California, supra, the requirement of proof of knowledge of the obscene character of the articles on the part of those charged with the sale, distribution, etc. thereof may impose some hardship on prosecutors, yet that court made quite clear that "Eyewitness testimony of a bookseller's perusal of a book hardly need be a necessary element in proving his awareness of its contents. The circumstances may warrant the inference that he was aware of what a book contained, despite his denial." Smith, 361 U.S. at page 154, 80 S.Ct. at page 219, supra.
As the United States Supreme Court did not in the Smith case, supra, we do not now attempt to delineate or establish any measure of the proof necessary to prove knowledge in such cases. We do state that it is not necessarily required that the state prove that one so charged has in fact read the obscene matter referred to in the charge. Further, as pointed out by Justice Frankfurter in his opinion in which he concurred specially with the majority opinion in the Smith case, we also warn that this:
"* * * Court does not hold that a bookseller who insulates himself against knowledge about an offending book is thereby free to maintain an emporium for smut." 361 U.S. at page 161, 80 S.Ct. at page 223, supra.
We have considered the other questions raised by appellant and find them without merit.
For the reasons expressed herein this cause is reversed and remanded for further proceedings consistent herewith.
Reversed and remanded.
THOMAS, C.J., and TERRELL, HOBSON, DREW and THORNAL, JJ., concur.
ROBERTS, J., concurs specially.
ROBERTS, Justice, concurring specially.
I agree to the opinion and judgment. Further, it is my view that the foregoing rule does not set up any insurmountable barrier against providing proof of conviction. Indeed, it would appear that the continued sale of the offensive publication after any person had called the obscene contents to the attention of the vendor would be sufficient.