NANCY DEMETROPOLOS & others *vs.* COMMONWEALTH & others.

Hampden.    May 4, 1961. — June 2, 1961.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Obscene, Indecent or Impure Publication.    Constitutional Law,* Freedom of the press, Freedom of speech, Due process of law. *Statute,* Construction.

If a statute is susceptible of a construction whereby it will be constitutional, it is to be given that construction.    [660]

Knowledge of the obscene, indecent or impure character of something enumerated in G. L. c. 272, § 28A, is an element of the crime created by § 28A with respect to that thing; so construed, § 28A does not violate the First Amendment or the Fourteenth Amendment of the Constitution of the United States or art. 16 of the Declaration of Rights of the Massachusetts Constitution.    [661–662]

BILL IN EQUITY, filed in the Superior Court on November 23, 1960.

The suit was reported by *Noonan,* J.

*John I. Robinson,* for the plaintiffs.

*George Bregianes,* Assistant Attorney General, (*Leo Sontag,* Assistant Attorney General, with him,) for the Commonwealth and others.

WILKINS, C.J. The plaintiffs, three proprietors of newsstands in Springfield, bring this bill for a declaratory decree under G. L. c. 231A against the Commonwealth and a captain and a lieutenant of the Springfield police department in its crime prevention bureau. All the facts are agreed, and the case is reported without decision by a judge of the Superior Court. G. L. (Ter. Ed.) c. 214, § 31.

The questions sought to be raised relate to G. L. c. 272, § 28A (as amended through St. 1959, c. 492, § 2), which provides: "Whoever imports, prints, publishes, sells or distributes a pamphlet, ballad, printed paper, phonographic record, or other thing which is obscene, indecent or impure, or an obscene, indecent or impure print, picture, figure, image or description, or buys, procures, receives or has in his possession any such pamphlet, ballad, printed paper, phonographic record, obscene, indecent or impure print, picture, figure, image or other thing, for the purpose of sale, exhibition, loan or circulation, shall be punished by imprisonment in the state prison for not more than five years or in a jail or house of correction for not more than two and one half years, or by a fine of not less than one hundred dollars nor more than five thousand dollars, or by both such fine and imprisonment in jail or the house of correction."

On October 18, 1960, the plaintiffs were arraigned in the District Court of Springfield upon complaints, each charging one of them (1) with having sold "a certain pamphlet, printed paper and thing, to wit, a magazine known as . . . [giving the name] which was and is obscene, indecent and impure," and (2) with having it in possession "for the purpose of sale." The plaintiffs pleaded not guilty. On October 26 they were tried on agreed facts, and the cases were continued without a finding pending the determination of the present controversy. The agreed facts were these. The allegations in the complaints are true, namely, that each plaintiff sold a magazine which was obscene, indecent, and impure within the meaning of the statute or had possession of the magazine for the purpose of sale. The plain-

tiffs are proprietors of newsstands which sold and had for
sale one hundred or more different "titles" or kinds of
magazines in addition to newspapers, pocket book editions,
and other literature. There was no allegation or proof
that they had knowledge of the contents of "the magazines
in question."

One question reported is whether G. L. c. 272, § 28A (as
amended through St. 1959, c. 492, § 2), violates the First
Amendment or the Fourteenth Amendment to the Consti-
tution of the United States or art. 16 of the Declaration of
Rights. Its answer calls for a determination whether
§ 28A requires scienter as an element of the crime. We
note that the word "magazine" does not appear in § 28A.
We also note that a magazine as closely resembles a book,
which is the subject of G. L. c. 272, § 28B (as amended
through St. 1959, c. 492, § 2[1]), as it does a "pamphlet,
printed paper and thing," a phrase which we quote from
the complaints. The plaintiffs point out that § 28B, which
was enacted with § 28A in the same section of St. 1959,
c. 492, contains the phrase, "knowing it to be obscene, inde-
cent or impure." [2] In an ordinary case this factor might
be persuasive. It cannot, however, be allowed to prevail
over the principle that where a statute may be construed as
either constitutional or unconstitutional, a construction will
be adopted which avoids an unconstitutional interpretation.
*Worcester County Natl. Bank* v. *Commissioner of Banks,*
340 Mass. 695, 701.

We observe that the Legislature in the amendment of

---

[1] "Whoever imports, prints, publishes, sells, loans or distributes, or buys,
procures, receives, or has in his possession for the purpose of sale, loan or dis-
tribution, a book, knowing it to be obscene, indecent or impure, shall be pun-
ished by imprisonment in the state prison for not more than five years or in a
jail or house of correction for not more than two and one half years, or by a
fine of not less than one hundred dollars nor more than five thousand dollars,
or by both such fine and imprisonment in jail or the house of correction."
The parties in their stipulation as to facts filed on December 28, 1960, did not
refer to the amendment to § 28B by St. 1960, c. 311, approved April 12, 1960,
effective ninety days thereafter. The change is not presently material.

[2] Sections 28A and 28B were first enacted in St. 1945, c. 278, § 1. The two
sections, as so enacted, were substantially identical with § 28A and § 28B,
respectively, as amended by St. 1959, c. 492, § 2, except that the amendment
increased the penalties.

G. L. c. 272, § 30, by St. 1956, c. 724, § 1, relating to the distribution of certain literature to a child under the age of eighteen, clearly spelled out an intention that scienter is not an element of that crime.[1]

The majority opinion of the Supreme Court of the United States in *Smith* v. *California,* 361 U. S. 147, 152, has indicated that legislation, even if aimed at obscene matter, may by dispensing with any requirement of knowledge on the part of the seller impinge upon the public's access to constitutionally protected matter. Although the *Smith* case dealt with a book, the constitutional theory must be the same when applied to a magazine. We do not accept as a valid distinction the defendants' argument: "This was not a hard-cover publication, but rather a 'magazine,' which is generally known to be of at least doubtful character." Accordingly, we construe § 28A as if it contained the words "knowing it to be obscene, indecent or impure."

Cases elsewhere support the result we reach. *Cohen* v. *State,* 125 So. 2d 560 (Fla.). *People* v. *Finkelstein,* 9 N. Y. 2d 342. *State* v. *Jackson,* 224 Ore. 337. But see *State* v. *Gump,* 57 Wash. 2d 224.

No separate discussion of art. 16 of the Declaration of Rights is required. Other questions reported need not be decided.

The Commonwealth raises no question as to being made a party. Indeed the Attorney General has entered a general appearance. In *Executive Air Serv. Inc.* v. *Division of Fisheries & Game, ante,* 356, 357–358, we recently held that declaratory proceedings under G. L. c. 231A will not lie against the Commonwealth. The present situation differs from one where the Legislature has provided for proceedings to which the Commonwealth is authorized to become a party. See *Franklin Foundation* v. *Attorney Gen.* 340 Mass. 197, 203. The issues are fully presented by the defendant members of the police department.

---

[1] "In a prosecution under this section it shall not be necessary to prove that the defendant has read, or knows of the offensive description or picture contained in the literature involved."

A decree is to be entered declaring that G. L. c. 272, § 28A (as amended through St. 1959, c. 492, § 2), is not in violation of the First Amendment or the Fourteenth Amendment to the Constitution of the United States or of art. 16 of the Declaration of Rights.

*So ordered.*