372 P.2d 724

STATE of Arizona, Appellant,

v.

Charles LOCKS, Appellee.

No. 1206.

Supreme Court of Arizona,
En Banc.

June 20, 1962.

Robert W. Pickrell, Atty. Gen., Stirley Newell, Asst. Atty. Gen., Charles N. Ronan, County Atty. of Maricopa County, for appellant State.

Herbert L. Ely, Phoenix, for appellee.

UDALL, Vice Chief Justice.

In the second count of a two count direct information defendant Locks was charged with "wilfully and unlawfully" keeping for sale, selling and exhibiting obscene and indecent pictures and written materials in violation of A.R.S. § 13–532 (1956) which provides in pertinent part that:·

"A person is guilty of a misdemeanor who:

"1. Writes, composes, prints, publishes, sells, distributes, keeps for sale, gives, loans or exhibits an obscene or indecent writing, paper or book to any person, or designs, copies, draws, engraves, paints or otherwise prepares an obscene or indecent picture or print. * * *"

Defendant's motion to quash this count was granted by the trial court on the ground that Section 13–532 is unconstitutional. On appeal from this ruling by the State defendant argues that Section 13–532 contravenes the due process and freedom of speech and

press guaranties of the Arizona Constitution[1] and that it is also repugnant to the due process clause of the Fourteenth Amendment to the United States Constitution.[2] Specifically, defendant argues that the 1959 decision of the United States Supreme Court in Smith v. California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205, is conclusive as to the unconstitutionality of the Arizona obscenity statute (Section 13–532) here in question.

In Smith the Court reviewed the conviction of a Los Angeles bookstore proprietor for violation of a local ordinance which made "it unlawful 'for any person to have in his possession any obscene or indecent writing, [or] book * * * [i]n any place of business where * * * books * * * are sold or kept for sale.'" 361 U.S. at 148, 80 S.Ct. at 216. The court noted that the California appellate court, in affirming the conviction, had construed the ordinance as "* * * imposing a 'strict' or 'absolute' criminal liability" i. e., that "* * * no element of scienter—knowledge by appellant of the contents of the book * * *"

was required.[3] Accepting the state court's construction of the ordinance the Court observed that:

"By dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public's access to constitutionally protected matter." 361 U.S. at 153, 80 S.Ct. at 218.

and that:

"The bookseller's self-censorship, compelled by the State, would be a censorship affecting the whole public, hardly less virulent for being privately administered. Through it, the distribution of all books, both obscene and not obscene, would be impeded." 361 U.S. at 154, 80 S.Ct. at 219.

Accordingly, the ordinance was adjudged unconstitutional and the conviction reversed.

If, as defendant here contends, the Arizona obscenity statute is in fact without the scienter requirement, then the statute

1. Sections 4 and 6 of Article 2 of the Arizona Constitution, A.R.S. provide as follows:
"Section 4. No person shall be deprived of life, liberty, or property without due process of law."
"Section 6. Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."
2. See Gitlow v. New York, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138 (1925).

3. 361 U.S. at 149, 80 S.Ct. at 216. So construed by the California appellate court the "strict liability" ordinance withstood the California constitutional prohibition against local laws in conflict with the general laws of the state. "The city ordinance is more restrictive than the Penal Code section 311. Under the Penal Code section *scienter* is required." People v. Smith, 161 Cal.App.2d Supp. 860, 865, 327 P.2d 636, 639 (1958). (Emphasis original.)

must fall by force of the Smith holding. However, the Supreme Court of the United States has often recognized " * * * the basic constitutional principle that the construction of state laws is the exclusive responsibility of the state courts." Speiser v. Randall, 357 U.S. 513, 523 n. 7, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958). And for the reasons given below we construe Section 13–532 to require proof of guilty knowledge or scienter.

Since Smith was handed down in 1959 the highest courts of twelve states have been presented with the problem herein involved —i. e. the construction to be given an obscenity statute which on its face does not require scienter. In nine of these jurisdictions the statutes have been upheld as impliedly containing the scienter requirement. Cohen v. State, 125 So.2d 560 (Fla.1960); State v. Roufa, 241 La. 474, 129 So.2d 743 (1961); Demetropolos v. Commonwealth, 342 Mass. 658, 175 N.E.2d 259 (1961); State v. Oman, 261 Minn. 10, 110 N.W.2d 514 (1961); State v. Hudson County News Co., 35 N.J. 284, 173 A.2d 20 (1961); People v. Finkelstein, 9 N.Y.2d 342, 214 N.Y.S. 2d 363, 174 N.E.2d 470 (1961); State v. Jackson, 224 Or. 337, 356 P.2d 495 (1960); State v. Miller, W.Va., 112 S.E.2d 472 (1960) (by implication); State v. Chobot,

12 Wis.2d 110, 106 N.W.2d 286 (1960), appeal dismissed, 368 U.S. 15, 82 S.Ct. 136, 7 L.Ed.2d 85 (1961) (by implication).

■ The principal device employed by the above courts in saving the statutes involved has been the rule that whenever possible a statute should be construed as to render it constitutional.[4] Representative of this approach is the opinion in Demetropolos wherein the Supreme Judicial Court of Massachusetts, after acknowledging that the legislature had amended a companion obscenity statute (dealing with pamphlets) to include the word "knowingly" but had failed to do so in the case of the obscene book statute under consideration, said:

> "In an ordinary case this factor might be persuasive. It cannot, however, be allowed to prevail over the principle that where a statute may be construed as either constitutional or unconstitutional, a construction will be adopted which avoids an unconstitutional interpretation." 175 N.E.2d at 261.

On the other hand the Supreme Courts of Indiana, Missouri, and Washington have struck down statutes similar to Section 13–532. In State v. Kuebel, Ind., 172 N.E.2d

---

4. In Oman and Miller, however, the Minnesota and West Virginia courts construed statutes similar to Section 13–532 as raising, upon proof of violation of the statutes, a rebuttable presumption of guilty knowledge. That the constitutionality of so shifting the burden of proof in First Amendment cases is doubtful see Speiser v. Randall, 357 U.S. 513, 526, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958); Note, 38 N.C.L.Rev. 634 (1960).

45 (1961) the Indiana court (3–2) declared the Indiana statute unconstitutional for failure to include the scienter requirement. Fundamental to the court's conclusion was the fact that the Indiana legislature had amended the obscene "mails" statute to require scienter but had failed to do so respecting the obscene "sale or selling" statute under consideration. In City of St. Louis v. Williams, 343 S.W.2d 16 (Mo. 1961) and in State ex rel. Lally v. Gump, 57 Wash.2d 224, 356 P.2d 289 (1960), however, the Missouri and Washington courts did little more than compare the language of their statutes with that contained in the Smith ordinance and proceed to determinations of constitutionality.

We choose to follow the lead of the majority of those courts which have ruled on this question and construe Section 13–532 as impliedly requiring scienter. In State v. Hooker, 45 Ariz. 202, 206, 41 P.2d 1091, 1092 (1935) it was stated that: "It is our duty * * * to give to the language of all statutes a meaning that will render them constitutional if this can reasonably be done." Again, in McManus v. Industrial Commission, 53 Ariz. 22, 28, 85 P.2d 54, 56 (1938) this court observed that: "It is our duty to uphold an act if, on any reasonable theory, a construction may be given thereto which would make it constitutional."

Accordingly, we hold that the element of scienter is implicit in the Arizona obscenity statute; that Section 13–532 must be read as if prefaced by "whoever wilfully and knowingly"; and that "knowingly" means with knowledge of the obscene nature of the materials involved.

Reversed.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concur.