Guy Ellenburg

*v.*

State of Tennessee.

384 S.W.2d 29.

(*Knoxville,* September Term, 1964.)

Opinion filed November 12, 1964.

154

BURCH, PORTER & JOHNSON, Memphis, W. J. MICHAEL CODY, Memphis, of counsel, for William B. Kendall, petitioner amicus curiae.

GEORGE F. McCANLESS, Attorney General, WALKER T. TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

The defendant-appellant, Guy Ellenburg, appeals from a conviction of possessing obscene literature in violation of Section 39-3001, T.C.A. The pertinent part of this statute reads as follows:

"If any person print, publish, import, sell or distribute any book, pamphlet, ballad, printed paper or film containing obscene language or obscene prints, pictures, or descriptions, manifestly tending to corrupt the morals, or introduce the same into any family, school, or place of education, or have the same in his possession for the purpose of loan, sale, exhibition, or circulation, or with intent to introduce the same into any

family, school, or place of education, he shall be guilty of a misdemeanor.'' (39-3001)

Appellant, by proper assignment of error, insists this conviction cannot stand, since Section 39-3001, T.C.A. does not require scienter and is consequently unconstitutional. Appellant relies upon *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959).

The *Smith v. California,* supra, case involved an ordinance of the City of Los Angeles which had been construed by the California Courts as imposing strict liability for the mere possession of obscene matter, notwithstanding the lack of knowledge of the offender as to the contents thereof. The Supreme Court of the United States in striking down this ordinance said:

"But the question here is as to the validity of this ordinance's elimination of the scienter requirement— an elimination which may tend to work a substantial restriction on the freedom of speech and of the press. * * * By dispensing with any requirement of knowledge of the contents of the book on the part of the seller, the ordinance tends to impose a severe limitation on the public's access to constitutionally protected matter. For if the bookseller is criminally liable without knowledge of the contents, and the ordinance fulfills its purpose, he will tend to restrict the books he sells to those he has suspected; and thus the State will have imposed a restriction upon the distribution of constitutionally protected as well as obscene literature. * * * It is plain to us that the ordinance in question, though aimed at obscene matter, has such a tendency to inhibit constitutionally protected expression that it cannot stand under the Constitution." *Smith v. California.*

The application of *Smith v. California,* supra, to this case means Section 39-3001, T.C.A. must, either expressly or impliedly, require scienter or the statute is unconstitutional. It is apparent this statute does not expressly contain the required element of scienter, then if this statute is to be saved this element must be implied. Several states have implied scienter in their statutes as a result of *Smith v. California,* supra. See *People v. Finkelstein,* 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 (1961); *Cohen v. State,* 125 So.2d 560 (Fla.1961); and *State v. Jackson,* 224 Or. 337, 356 P.2d 495 (1960). The statutes involved in these cases read much the same as Section 39-3001, T.C.A. Consequently these cases would be persuasive authority for implying scienter in our own statute. Nevertheless, the canons and rules of statutory construction in this State must be followed.

■ In the construction of this statute, to determine whether scienter is implied or not, the first and primary object is to find the legislative intent. In so doing we look to the statute itself, as affording the best means of its exposition, giving the language its usual and ordinary meaning without any forced or subtle construction to extend their meaning. *Phillips & Buttorff Mfg. Co. v. Carson,* 188 Tenn. 132, 217 S.W.2d 1 (1948); *State ex rel. Dossett v. Obion County,* 188 Tenn. 538, 221 S.W.2d 705 (1949); *Moto-Pep. Inc. v. McGoldrick,* 202 Tenn. 119, 303 S.W.2d 326 (1956).

This statute is a prohibition against obscene materials manifestly tending to corrupt morals. In our examinations of this statute, for the purpose of determining if scienter is implied, we have divided it into three parts.

Under the first part a person is guilty; if he print, publish, import, sell or distribute any of the named mate-

rials containing the prohibited obscenity. As an example a person can be guilty, if he print a book, which contains prohibited obscene language. This part does not, expressly or impliedly, require the printer, used in the example, have knowledge the book contained this prohibited obscene language.

Under the second part a person is guilty if he introduces into any family, school or place of education any of the named materials containing the prohibited obscenity. As an example a person can be guilty if he introduce into a school pictures containing the prohibited obscenity. This part does not, expressly or impliedly, require the person so introducing these pictures have knowledge they contain prohibited obscenity.

The third part of this statute deals with possession of the named materials containing the prohibited obscenity. Under this part a conviction can be had for possession, only if the State further show this possession was for the purpose of loan, sale, exhibition or circulation, or with intent to introduce the same into any family, school or place of education. As an example a person can be guilty, if it be shown he had possession of a film containing prohibited obscenity and it being further shown he intended to introduce same into a family. This part does not require, either expressly or impliedly, the person, used in the example, have knowledge this film contained prohibited obscenity.

■ The State's brief seeks to save this statute by applying the rule of construction that if a statute is susceptible of two constructions, one constitutional and one unconstitutional, the statute must be interpreted so as to sustain its validity. This is the rule in Tennessee. *Cole Mfg. Co. v. Falls*, 90 Tenn. 466, 16 S.W. 1045 (1891)

and *Illinois Cent. R. Co. v. Crider,* 91 Tenn. 489, 19 S.W. 618 (1892) for representative cases.

The Court in the case of *Exum v. Griffis Newbern Co.,* 144 Tenn. 239, 230 S.W. 601 (1921) said:

"It is the duty of this court, where a statute is susceptible of two interpretations, one in harmony with, and the other in violation of, constitutional provisions, to give it that interpretation in harmony with the Constitution. But this principle does not authorize the court to give to an act an interpretation merely to bring it within the constitutional limitation. Where the act is unambiguous and susceptible of only one interpretation, it must be given that construction, whatever the consequences may be when tested by the Constitution." 144 Tenn. at 246-247, 230 S.W. at 603.

█ On the point at issue here we think this statute is not ambiguous and is susceptible of only one interpretation. The element of scienter is simply not in this statute, either expressly or impliedly.

It results Section 39-3001 T.C.A. is invalid under the holding of *Smith v. California,* supra. The judgment of the Trial Court is reversed and the cause dismissed.

MR. JUSTICE WHITE (dissenting).

The majority opinion holds that scienter, either express or implied, is absent from T.C.A. sec. 39-3001, thereby rendering it void under the holding of the Supreme Court of the United States in *Smith v. California,* supra.

If the premise that the language of the Section does not imply scienter is correct, then the conclusion reached by the majority is inescapable. However, I cannot agree

with the premise that scienter is not implicit in the language of the Section for the reasons appearing herein and I dissent accordingly.

· I agree with the majority that the purpose of statutory construction is to find and then apply the legislative intent. However, we are not bound by the cold and narrow meaning of a word, a phrase, or a sentence, but the general purpose, intent and spirit of the law is to be sought out and determined.

In *Rose v. Wortham*, 95 Tenn. 505, 32 S.W. 458, 30 L.R.A. 609 (1895), it was held that legislative intent prevails over the strict letter or literal sense of the language used. General terms are limited, and narrower terms expanded, to harmonize with the intention.

To the same effect are the holdings in the cases of *Sands v. Brock Candy Co.*, 171 Tenn. 235, 101 S.W.2d 1113 (1937); *Warren v. Commerce Union Bank*, 152 Tenn. 67, 274 S.W. 539 (1924); *City of Bristol v. Bank of Bristol*, 159 Tenn. 647, 21 S.W.2d 620 (1929); *Farmer v. Wiseman*, 177 Tenn. 578, 151 S.W.2d 1085, 135 A.L.R. 1169 (1941); *Byrd v. Pioneer-Jellico Coal Co., et al.*, 180 Tenn. 396, 175 S.W.2d 542 (1943).

It is the general rule of statutory construction in this State that if a statute is susceptible of two constructions, one constitutional and one unconstitutional, the statute must be interpreted so as to sustain its validity. *Cole Mfg. Co. v. Falls*, 90 Tenn. 466, 16 S.W. 1045 (1891); *Illinois Cent. R. Co. v. Crider*, 91 Tenn. 489, 19 S.W. 618 (1892); *Tucker v. McDell's, Inc.*, 50 Tenn.App. 62, 359 S.W.2d 597 (1961), and other cases.

We said in the recent case of *Tasco Developing & Building Corporation v. Long,* 212 Tenn. 96, 368 S.W.2d 65 (1963), that:

"It has long been held a cardinal rule so far as we know that statutes should be given a construction that will not render them useless. *First National Bank of Memphis v. McCanless,* 186 Tenn. 1, 207 S.W.2d 1007 (1947)." 368 S.W.2d at 68.

Since the principles heretofore set out are so well ingrained in the law of this State, there can be no doubt of their applicability to the case *sub judice.* In construing the language of the act aforesaid, I reach a conclusion different from that of the majority and in so doing I rely upon the reported decisions of Tennessee aforesaid, and other states, and what I believe to be the proper interpretation of the words of the act in question.

The statute reads that if any person print, publish, import, sell or distribute any book, etc., containing obscene language or obscene prints, "manifestly tending to corrupt the morals", he is guilty of a misdemeanor.

The majority opinion, however, holds that the statute must contain provisions which would impute knowledge of the obscene character of the materials to the defendant, i. e., *mens rea,* before he could be constitutionally convicted.

In my opinion the word "manifestly" is sufficient to constitute scienter or knowledge. The word "manifestly" means, according to Black's Law Dictionary (5th ed.), that which is clear and requires no proof. That is, that which is notorious, or "evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with the

open, clear, visible, unmistakable, indubitable, indisputable, evident, and self-evident." Therefore, if one sells or distributes materials which manifestly tend to corrupt morals, he does so with knowledge of the obscene nature of the materials.

The question of whether he had knowledge of the obscene character of the material he sold or offered for sale, would be a question of fact and subject to proof on the trial under a proper indictment charging knowledge of the accused. Upon a proper charge by the court and before finding the defendant guilty, the jury would have to first conclude beyond a reasonable doubt that the defendant sold or distributed such material with knowledge that it would manifestly corrupt the morals of those into whose possession such material might come, or that it would corrupt the morals of a family, a school, or place of education.

A case exactly in point is that of *Cohen v. State,* 125 So.2d 560 (Fla.1961), in which that court construed a statute very similar in nature to ours, and in so doing said:

"As we construe sec. 847.01(1), supra, scienter or knowledge of the obscene, lewd, etc. character of the books and other articles described in the statute is impliedly included in the statute. This means that one prosecuted under the statute must be charged with having committed the acts prohibited with knowledge of the obscene character of the documents or articles involved, and further that the state must prove such knowledge of the accused at the trial.

"* * * [in] *Smith v. People of State of California,* * * * the state trial court and the state appellate court in-

volved construed the statute or ordinance as not including the element of scienter and also held that proof of that element was unnecessary to conviction.'' 125 So.2d at 563.

The United States Supreme Court merely accepted the state court's construction, which it was bound to do, and then held that under such construction the ordinance was void. I am convinced that the Supreme Court would, with equal force and for the same basic reason, affirm the validity of our Act if the majority had held it to be constitutional.

In general the holding in *State v. Jackson,* 224 Or. 337, 356 P.2d 495 (1960), is:

''We have held, however, that the appearance or non-appearance of the word 'knowingly' in the definition of a statutory offense is not conclusive, and that the requirement of scienter is 'a matter of construction to be determined by considering the subject-matter of the statute, the language of the act, the evil sought to be eradicated or prevented, and the consequences of the several constructions to which the statute may be susceptible.' * * * Since we have a duty to give an act a constitutional construction if it can be done without wrenching the meaning of words, * * * we hold that * * * can be enforced against only those who 'knowingly' violate its provisions.'' 356 P.2d at 498-499.

A majority of jurisdictions which have ruled on the question have held in accordance with the above cases, that if the express language of the statute does not require scienter, its constitutionality may be saved if the requirement can be implied. By definition implied means ''understood though not expressed.'' Webster's Dictionary, 3rd New International (1961).

Thus, the mere omission of the word "scienter" has not been considered by the following cases as attempting to eliminate that common law element of the crime. *Cohen v. State,* supra; *State v. Roufa,* 241 La. 474, 129 So.2d 743 (1961); *Demetropolos v. Commonwealth,* 342 Mass. 658, 175 N.E.2d 259 (1961); *State v. Hudson County News Co.,* 35 N.J. 284, 173 A.2d 20 (1961); *People v. Finkelstein,* 9 N.Y.2d 342, 214 N.Y.S.2d 363, 174 N.E.2d 470 (1961); *State v. Jackson,* supra.

The most recent case to deal with this problem is the case of *State v. Locks,* 91 Ariz. 394, 372 P.2d 724 (1962). In that case the defendant Locks was charged with keeping for sale and selling obscene and indecent pictures. There was no scienter requirement in the statute under which he was convicted. In affirming the conviction, the court said:

"Since *Smith* [*v. California,* supra] was handed down in 1959 the highest courts of twelve states have been presented with the problem herein involved—i. e. the construction to be given an obscenity statute which on its face does not require scienter. In nine of these jurisdictions the statutes have been upheld as impliedly containing the scienter requirement. * * *

\* \* \* \* \* \*

"We choose to follow the lead of the majority of those courts which have ruled on this question and construe Section 13-532 as impliedly requiring scienter. In *State v. Hooker,* 45 Ariz. 202, 206, 41 P.2d 1091, 1092 (1935) it was stated that: 'It is our duty * * to give to the language of all statutes a meaning that will render them constitutional if this can reasonably be done.' * * *

"Accordingly, we hold that the element of scienter is implicit in the Arizona obscenity statute; that Section

13-532 must be read as if prefaced by 'whoever wilfully and knowingly'; and that 'knowingly' means with knowledge of the obscene nature of the materials involved." 372 P.2d at 725, 726.

I am in general agreement with the above decisions for the reasons herein cited. While being cognizant of my colleagues' strict and technical construction of T.C.A. sec. 39-3001, I find that I must give the statute a more liberal interpretation in light of the social and moral implications and the obvious intent of the Legislature according to my view.

An attack on the constitutionality of this statute has been repelled by this Court in an able opinion written by Mr. Justice Tomlinson in *Cloyd v. State,* 202 Tenn. 694, 308 S.W.2d 467 (1957). Although the challenge in that case was that the statute was but a "hodge podge" of uncertainty and, therefore, violative of the Fourteenth Amendment to the Federal Constitution, the Court, however, said:

"*To say that a statute prohibiting the possession, sale, distribution, etc. of such booklets is a statute in violation of any constitutional amendment is to assert that which does not appeal to reason.*" 202 Tenn. at 699, 308 S.W.2d at 469. (Emphasis supplied.)

For the reasons set out in this dissent, I believe T.C.A. sec. 39-3001 is constitutional. Since the majority has held otherwise, I feel there is no need to analyze the other issues involved.