COMMONWEALTH *vs.* THOMAS COREY.

Suffolk.    October 4, 1966. — November 3, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL,
& REARDON, JJ.

*Obscenity. Book. Constitutional Law,* Freedom of the press, Freedom
of speech. *Statute,* Construction.

The First Amendment of the Federal Constitution requires that G. L.
c. 272, § 28, be construed as making knowledge of the obscene character
of a publication an element of the crime created by that statute of selling
such publication to a person under eighteen years of age.

COMPLAINT received and sworn to in the Municipal Court
of the City of Boston on December 28, 1965.

Upon appeal to the Superior Court the case was heard by
*Tomasello,* J., without jury.

*John R. Hally* for the defendant.

*Joseph R. Nolan,* Assistant District Attorney, for the
Commonwealth.

SPALDING, J.    The defendant was convicted upon a com-
plaint charging that on December 21, 1965, he "did sell to a
person under the age of eighteen years, a book entitled
'Candy,' which was obscene, indecent, and impure, and
manifestly tending to corrupt the morals of youth." The
statute on which the complaint was based is G. L. c. 272,
§ 28 (as amended through St. 1959, c. 492, § 1), the relevant
portions of which are: "Whoever sells . . . to a person
under the age of eighteen years a book . . . which is ob-
scene, indecent or impure, or manifestly tends to corrupt
the morals of youth . . . shall be punished . . . ." The
defendant appealed, the case having been tried subject to
G. L. c. 278, §§ 33A–33G. The defendant's assignments of
error arise out of exceptions to the denial of his motion for
a not guilty finding, to the denial of three requests for rul-
ings, and to the exclusion of expert testimony as to redeem-

ing social value of the book. The requests asked the judge
to rule: that the book was not obscene; that the portion of
§ 28 which proscribes the sale of a book "which manifestly
tends to corrupt the morals of youth" violates the due
process clause of the Fourteenth Amendment by reason of
vagueness; and that the defendant could not be convicted
without proof that he had knowledge of the contents of the
book. We shall confine our discussion to the last issue
(scienter), as in our view this is decisive of the case.

The facts are not in dispute. On December 21, 1965,·
a seventeen year old girl accompanied by another girl, aged
fifteen, entered a Boston bookstore in which the defendant
was an employee. The older girl asked to purchase a book
entitled "Candy," which she had heard about, and which
was displayed on a counter near the cash register. She
paid the defendant for the book (a paperback) and he put it
in a paper bag. After purchasing the book, the two girls
left the store. When they got outside they were stopped by
a police lieutenant who, after ascertaining their ages, took
possession of the book and reimbursed them for the pur-
chase price. Thereafter the officer brought the complaint
on which this prosecution is based. The Commonwealth
concedes that it introduced no evidence that the defendant
had any knowledge of the contents or allegedly obscene
character of the book.

The question for decision is very similar to that consid-
ered in *Demetropolos* v. *Commonwealth,* 342 Mass. 658.
There it was held that G. L. c. 272, § 28A, which imposes
criminal liability for the sale of obscene matter to the gen-
eral public, although containing no express provision for
scienter, must be construed as requiring scienter. The
basis for that decision was that under *Smith* v. *California,*
361 U. S. 147, legislation which restricts the distribution of
obscene matter without any requirement of knowledge on
the part of the seller impinges upon the public's access to
constitutionally protected matter.[1] In the recent decision

---

[1] *Smith* v. *California* held unconstitutional a Los Angeles city ordinance
which made it unlawful, without proof of scienter, to possess " ". . . any ob-
scene or indecent writing, [or] book . . . [in] any place of business where
. . . books . . . are sold or kept for sale.' "

in *Mishkin* v. *New York,* 383 U. S. 502, 511, it was said, ''The Constitution requires proof of scienter to avoid the hazard of self-censorship of constitutionally protected material and to compensate for the ambiguities inherent in the definition of obscenity.'' In *People* v. *Finkelstein,* 9 N. Y. 2d 342, a statute proscribing the sale or possession for sale of obscene books was construed to require scienter, although the statute was susceptible of an interpretation excluding scienter. *State* v. *Hudson County News Co.* 35 N. J. 284, 289–294, is to the same effect. See *State* v. *Sul,* 146 Conn. 78; *Cincinnati* v. *Marshall,* 172 Ohio St. 280.

The Commonwealth contends that the *Demetropolos* and *Smith* decisions are not controlling because § 28, unlike the statutes involved in those decisions, is aimed only at sales to minors. The Commonwealth would liken § 28 to G. L. c. 138, § 34, imposing strict criminal liability on one who sells liquor to minors. See *Commonwealth* v. *Gould,* 158 Mass, 499, 507–508, and cases cited. While the ''existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence,''[2] it is undoubtedly competent for the Legislature to define criminal offences without any element of scienter. See *Commonwealth* v. *Mixer,* 207 Mass. 141, 142–143, where numerous instances of strict criminal liability are collected. See also *Smith* v. *California,* 361 U. S. 147, 150.

But a different situation is presented when the legislation is in an area where First Amendment rights are involved. In *Jacobellis* v. *Ohio,* 378 U. S. 184, 195, there is a suggestion in the opinion of Mr. Justice Brennan that material protected for distribution to the general public is not necessarily constitutionally protected from restriction upon its dissemination to children. Two recent cases have discussed and applied this variable standard. *Bookcase, Inc.* v. *Broderick,* 18 N. Y. 2d 71. *Interstate Circuit Inc.* v. *Dallas,* 366 F. 2d 590, 594–597 (5th Cir.). See Am. Law Inst., Model Penal Code, § 251.4 (Proposed Official Draft, May 4, 1962); Lockhart and McClure, Censorship of Ob-

---

[2] *Dennis* v. *United States,* 341 U. S. 494, 500.

scenity: The Developing Constitutional Standards, 45 Minn. L. Rev. 5, 68 et seq.; dissenting opinion of Cutter, J., in *Attorney Gen.* v. *"John Cleland's Memoirs of a Woman of Pleasure,"* 349 Mass. 69, 76–78. Thus it may well be that the protective scope of the First Amendment is narrowed when the objectionable material is aimed primarily at minors. Yet, even under variable standards, the requirement of scienter of *Smith* v. *California, supra,* must still apply in construing § 28.

Absent the scienter requirement, booksellers, unable to familiarize themselves with all the material on their shelves, would tend to restrict sales to minors to the relatively few books of which they had some knowledge of the contents or character. The result would be an impediment to the sale to minors not only of unprotected matter but also of that which is constitutionally protected. To thus impede protected material is no more permissible under the variable than under the strict standard. See Lockhart and McClure, *supra,* at pages 103–114. "[W]here a statute may be construed as either constitutional or unconstitutional, a construction will be adopted which avoids an unconstitutional interpretation." *Demetropolos* v. *Commonwealth,* 342 Mass. 658, 660. We are of opinion that § 28 must be read as requiring scienter. Since proof of scienter was lacking, the judge erred in denying the defendant's motion for a not guilty finding.

*Judgment reversed.*
*Finding set aside.*