FONES, C.J., and BROCK, HARBISON, and DROWOTA, JJ., concur.

ARB ENTERPRISES, INC., d/b/a Sparkle Wash of Chattanooga, Appellant,

v.

Martha B. OLSEN, Commissioner of the Department of Revenue for the State of Tennessee, Appellee.

Supreme Court of Tennessee, at Knoxville.

March 28, 1983.

---

4. Petitioner was charged with committing five armed robberies.

**940**

Herbert A. Thornbury, Poole & Thornbury, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., J. Robert Walker, Asst. Atty. Gen., Nashville, for appellee.

## OPINION

FONES, Chief Justice.

The issue in this direct appeal by taxpayer ARB Enterprises d/b/a Sparkle Wash of Chattanooga, is whether the revenue rule promulgated by the commissioner is consistent with the statute and imposes a sales tax upon charges made by taxpayer for cleaning trucks, motor vehicles and other tangible personal property.

Taxpayer is a franchise cleaning operation that utilizes van mounted, mobile pressure washing units. The vans go to its customer's locations and clean trucks, vans, motor vehicles, buildings, houses, etc.

In 1980, taxpayer was audited by the Department of Revenue and assessed taxes amounting to $9,368.40 plus interest for the period of August 1, 1977 to July 31, 1980. No sales tax was assessed upon charges to taxpayer's customers for cleaning buildings, houses or real property items. The assessment of sales taxes was made only upon charges for cleaning tangible personal property, principally trucks and motor vehicles. The assessment also included $422.01 for use taxes, not subject to dispute.

When taxpayer began business in 1977, an application was made for a Sales and Use Tax Certificate of Registration that described the business as an "exterior cleaning service." Based upon that description, an employee of the commissioner advised taxpayer that its services were not subject to sales tax. After the 1980 audit, taxpayer interposed the defense of estoppel. The commissioner correctly advised taxpayer, as is now conceded, that she was without authority to waive the collection of the tax due plus interest, but in view of the misunderstanding that led to taxpayer's failure to collect taxes from its customers, all penalties were waived.

Taxpayer paid the assessment under protest and brought suit for its recovery. The chancellor found that T.C.A. § 67–3002(c)(4)(E) subjected taxpayer's business to the sales tax and upheld the assessment.

T.C.A. § 67–3003 imposes a sales tax upon the privilege of selling tangible personal property at retail in this state. T.C.A. § 67–3002(c)(4)(E) includes within the definition of "Sale at Retail" the following: "The laundering or dry cleaning of any kind of tangible personal property, excluding coin-operated laundry, dry cleaning or carwash facilities, where a charge is made therefor." Moreover, Revenue Rule No. 1320–5–1.53(1), promulgated by the Commissioner of Revenue, further provides as follows:

> "The washing, drying, or cleaning of any kind of tangible personal property . . . are subject to the Sales and Use Tax. This includes, but is not limited to such articles as clothing, furniture, rugs, draperies, jewelry, motor vehicles, etc. The receipts from coin-operated laundry and dry-cleaning machines are not subject to tax if the customer performs all of the activities related to the handling of their clothing. If the dealer performs any of these services, the receipts are taxable."

Taxpayer petitions this Court to invoke the principle that rules promulgated by the Commissioner of Revenue that are not consistent with the taxing statutes enacted by the Legislature are void and ineffectual. *See Coca-Cola Bottling Company United, Inc. v. Woods,* 620 S.W.2d 473 (Tenn.1981), and T.C.A. § 67–3045. Taxpayer contends that the use of the word "laundering" in § 67–3002(c)(4)(E) precludes the commissioner from promulgating regulations to include the washing of motor vehicles.

■ Taxpayer reiterates the argument presented at trial that the meaning of the word "laundering" is limited to the washing of clothes and thereby does not embrace the other activities identified in the Revenue Rule. Taxpayer introduced below excerpts from various dictionaries considered authoritative by an expert witness. The chancellor responded as follows:

> "In reviewing the definitions that were submitted the Court noted that the Webster's Third New International Dictionary of the English Language does in fact define the term laundering as it is used in the statute, that is as a noun, and that definition reads as follows and I quote, 'The act or process of washing or cleaning.' Included in this definition are examples of the use of the word laundering, one of which reads as follows and I quote, 'The coal undergoes another laundering as it passes over screens for final sizing.' "

■ We agree with the chancellor and hold that the word "laundering" in T.C.A. § 67–3002(c)(4)(E) means more than merely the washing of clothes and may extend to the washing of the tangible personal property identified in the Revenue Rule. Moreover, taxpayer's business is not excluded by the statute's exemption from taxation of "coin-operated laundry, dry-cleaning or carwash facilities, where a charge is made therefor." Section 67–3002(c)(4)(E) was amended by chapter 601 of the Public Acts of 1968 to include this exclusion in its present form, and our research of the legislative debate surrounding the adoption of this exclusion reveals that the Legislature intended that only cleaning services which are coin-operated be exempt from the imposition of the sales tax.

Finding that the Revenue Rule is entirely consistent with the statute and that taxpayer's business in not covered by the statutory exemption, we affirm the chancellor's decree upholding the assessment. Costs are adjudged against taxpayer.

COOPER, BROCK, HARBISON and DROWOTA, JJ.