UNION & PLANTERS BANK & TRUST CO. *v.* FORT, COMMIS-
SIONER.

(*Nashville,* December Term, 1935.)

Opinion filed June 13, 1936.

. Roy H. Beeler, Attorney-General, and Edwin F. Hunt and W. C. Cook, Assistant Attorneys-General, for appellant.

Canada & Russell and Cooper Turner, Jr., all of Memphis, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The question presented by this appeal is whether or not the income that accrued to complainant as the holder of two bonds, one issued by Bolivar county, Mississippi, and the other by the town of Shelby, Mississippi, is subject to the income tax imposed by section 1090 and subsequent sections of the Code, superseded by chapter 20, Public Acts Second Extra Session of 1931. The chancellor was of the opinion that the Income Tax Act does not subject income from the bonds of other states to taxation, and the state appealed.

Chapter 20, Public Acts Second Extra Session of 1931, and the antecedent act, withdrew stocks and bonds from *ad valorem* taxation under chapter 602, Acts 1907, and subjected them to an income tax. *Shields* v. *Williams*, 159 Tenn., 349, 19 S. W. (2d), 261.

■ ■ The word "bond" is commonly understood in financial circles to be the obligation of a state or the subdivision of a state, or a private corporation, represented by a certificate for the principal, and by detachable coupons for the current interest. Ordinarily, the meaning expressed by the word "bond" would not extend to and include all interest-bearing obligations of persons, firms, and corporations. Therefore, in order to give the word a broader meaning, some definition was necessary. By section 3 of the act, the Legislature enlarged the ordinary meaning by defining the word "bond" "to include all obligations issued by any person, firm, joint stock company, business trust, or corporation." That definitive and classifying phrase cannot be construed to confine the tax imposed by the statute to mere obligations of persons, firms, etc., contrary to the express provision of section 1, which levies the tax on "income derived by way of dividends from stocks or by way of interest on bonds of each person, partnership, association, trust and corporation in the State of Tennessee who received, or to whom accrued, or to whom was credited during any year income from the source above enumerated except as hereinafter provided."

■ The foregoing exception or proviso alludes to section 4 of the act, which excludes from taxation United States bonds, state bonds, state municipal bonds, and securities taxed at source or taxed *ad valorem*. The express mention of the securities excluded from taxa-

tion, to-wit, bonds of the United States, the state of Tennessee, and its subdivisions and securities taxed at source or taxed *ad valorem,* excludes the idea that the Legislature intended to associate with the above-indicated nontaxables the taxable securities of foreign states and foreign governments which are subject to taxation by the state.

We recognize the rule that statutes that impose taxes and provide the means for their collection are to be strictly construed insofar as they operate to deprive the citizen of his property by summary proceedings or to inflict penalties. But that rule gives away to the rule that the Legislature's intention must be given effect. In discovering the legislative intention, it is always necessary and proper to consider the statute as one entire and continuous act and not as an agglomeration of unrelated clauses. Black on Interpretation of Laws, 166.

When the act is considered in all its parts and as a whole, it is made apparent that the Legislature intended to levy an income tax on bonds and all other obligations classified as bonds by the definition in section 3.

We are constrained to reverse the decree of the chancellor.