STATE OF TENNESSEE ex rel. W. L. RECTOR et al.,
Appellants,

*v.*

JAMES S. WILKES, SR., Gwyn H. Bowen and W. C. Moore,
Dyer County General Election Commissioners, Appellees.

436 S.W.2d 425.

(*Jackson*, April Term, 1968.)

Opinion filed December 6, 1968.

Opinion on Petition to Rehear filed January 20, 1969.

ASHLEY, MALONE, ASHLEY & LAWSON, Dyersburg, for appellants.

GEORGE F. McCANLESS, Attorney General, and ROBERT H. ROBERTS, Assistant Attorney General, Nashville, for appellees.

JOSEPH M. BOYD, JR., and M. WATKINS EWELL, JR., Dyersburg, amicus curiae.

386

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This suit was filed by appellants requesting the trial court to order the Board of Election Commissioners for Dyer County to call an election for the City of Dyersburg, an incorporated municipality, for the purpose of determining whether the voters of the City desired to adopt the Modified City Manager-Council Charter as provided in Chapters 30 to 36, inclusive, of Title 6, T.C.A.

The original bill alleged prior to the filing thereof appellants had assisted in securing the signatures of more than the required number of legal voters of the City to petitions filed with defendant, James S. Wilkes, Sr., Chairman of the Election Commission, requesting that an election be called to permit the voters of the City to determine whether the Modified City Manager-Council Charter should be adopted by the City.

The prayer of the bill was for a decree declaring the rights of the parties and a writ of mandamus compelling the defendants to call the election.

The election Commission filed an answer submitting its interest in the matter to the determination of the court.

The trial judge heard the matter on bill and answer and briefs filed by Counsel for appellants and amicus curiae appointed by the court. The trial judge filed a memorandum opinion in which he held Chapters 30 to 36, inclusive, of Title 6, T.C.A., applied to unincorporated territory exclusive of municipal corporations and dismissed the bill.

Appellants have perfected an appeal to this Court and insist the trial judge was in error in holding the Modified City Manager-Council Charter as set forth in Chapters 30 to 36, Title 6, T.C.A., was applicable only to unincorporated territories and does not apply to existing municipal corporations.

It is argued this was error because the laws of this State authorize incorporated cities to adopt a Modified City Manager-Council Charter as well as unincorporated communities; and that, in fact, such a charter has been adopted by Union City and Elizabethton, both municipal corporations.

In 1957, the Modified City Manager-Council Charter was enacted by our legislature, the provisions of which are codified as Chapters 30 to 36 of Title 6, T.C.A. This legislation is commonly known as the Oak Ridge Charter.

The material and relevant Sections of Chapter 30, Title 6 of T.C.A., provide:

"6-3001. Alternate method of incorporation provided. —An alternative method whereby unincorporated territory may become an incorporated city is provided by chapters 30 to 35, inclusive, of this title.

"6-3002. Definition of terms.—The words 'city' or 'said city' in chapters 30 to 36, inclusive, of this title shall refer to any city or territory to be incorporated which may adopt the provisions of chapters 30 to 36, inclusive, of this title and the word 'county' shall refer to the county in which any such city or territory to be incorporated under chapters 30 to 36, inclusive, of this title is located, or in which the major portion of the population of any such city or territory to be incorporated is located as indicated by the last federal census.

"6-3003. Right to incorporate under modified city manager-council charter.—The residents of any unincorporated territory which it is desired to incorporate shall have the right to adopt the provisions of chapters 30 to 36, inclusive, of this title in the manner provided in said chapters; and thereafter such territory shall be and become incorporated and be governed as set forth in said chapters. Provided, however, that no unincorporated territory shall be incorporated under the provisions of chapters 30 to 36, inclusive, of this title unless such territory contains not less than five thousand (5,000) persons who shall be actual residents of the territory.

\*    \*    \*    \*    \*    \*

"6-3006. Election to adopt city manager form.—An election for the purpose of determining whether or not chapters 30 to 36, inclusive, of this title shall become effective for any city shall be called by the county

commissioners of election of the county, upon the request or petition in writing of twenty per cent (20%) of the legal voters of such city or territory, voting at the last general election, which petition shall state therein the proposed corporate name, shall designate therein in a sufficient manner the boundaries of the proposed municipal corporation, which may be done by a general reference to the boundaries then existing if there be one and the boundaries of the councilmanic districts, or shall have attached thereto a map of the area to be incorporated on which the councilmanic districts are shown. Said commissioners shall call the election to be held on the sixth Tuesday following the date of the filing of such petition, and shall cause public notice of the time and place of holding same to be given by advertisement posted in at least ten (10) different places within the territory of such city or proposed city, and published at least three (3) times in a newspaper which is printed therein, or, if no newspaper is printed therein, then in a newspaper circulated therein; and shall likewise provide ballots for each voter to be printed on plain white paper containing these words, 'For the adoption or rejection by the City ———— (here name of city as it appears in said petition) of the city-manager form of charter,' and below this the phrase 'For the adoption' and under it the phrase 'Against the adoption,' with a square at the right of each phrase and below that the instruction 'Vote for or against by placing a cross in one square.' "

■ The prime purpose of statutory interpretation is to ascertain and give effect to the legislative intent and all rules of construction yield to achieve this end. *Chicago & Southern Air Lines v. Evans,* 192 Tenn. 218, 240 S.W.2d

249 (1951); *Woodroff v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013 (1946).

"In discovering the legislative intention, it is always necessary and proper to consider the statute as one entire and continuous act and not as an agglomeration of unrelated clauses." *Union & Planters Bank & Trust Company v. Fort,* 170 Tenn. 285, 95 S.W.2d 39 (1936).

"The legislative intent will prevail over the strict letter or literal sense of the language used, and, in order to carry into effect this intent, general terms will be limited, and those that are narrow expanded." *Farmer v. Wiseman,* 177 Tenn. 578, 151 S.W.2d 1085, 135 A.L.R. 1119 (1941).

■ It is improper for the Court to lift one sentence, word or clause from a statute and construe it alone, without reference to the balance of the statute. *Rose v. Blewett,* 202 Tenn. 153, 303 S.W.2d 709 (1957).

Sections 6-3001 and 6-3003 provide the Chapter has application only to unincorporated territory. These two Sections, standing alone, would leave no doubt the Act applies only to unincorporated territory to the exclusion of an existing municipal corporation.

However, Section 6-3002 defines the words "city" and "said city" as used in the chapter. It clearly states the words "shall refer to any city or territory to be incorporated."

■ The question then arises whether "to be incorporated" modifies the word "territory" or the conjunction "city or territory." We think it modifies the conjunction and thus "city" refers to any "city to be incorporated." To construe the word "city" as meaning an existing

municipality the word would have to be lifted out of context and given its literal meaning.

Section 6-3006 uses the word "city" several times in its terminology and if construed to convey its literal meaning the Section becomes ambiguous. But if construed to mean "city to be incorporated" the ambiguity is removed. That the word "city" as used in the Section means or refers to "city to be incorporated" is strengthened by the use of the words "and shall likewise provide ballots for each voter to be printed on plain white paper containing these words, 'For the adoption or rejection by the city (proposed corporate name).'" The implication is the use of the word "city" is for the purpose of designating the name which will be used in the event the voters adopt the proposal. Any other construction would exclude the right of an unincorporated territory to petition for and hold an election and such construction cannot be sustained by any reasonable interpretation of the chapter.

Section 6-3002 expressly defines the word "city" as used in the entire chapter. Once the election is held and the incorporation is approved, the territory becomes a city, and prior to the election and incorporation it is a "city to be incorporated."

When Section 6-3006 is considered in pari materia with the other Sections, the word "city" has meaning each time it is used only if construed to mean "city to be incorporated." Moreover, the word "city" can only mean the "city to be incorporated" as used in the last two instances in the Section. To give the word its literal meaning in those instances would exclude an unincorporated territory from the provisions of the Chapter and thereby thwart the express legislative intent.

■ ■ ■ In ascertaining the intent and purpose of the legislature we may look to the caption of the Act. *Sealed Power Corporation v. Stokes,* 174 Tenn. 493, 127 S.W.2d 114 (1939).

As stated above, Chapters 30 to 36, inclusive, Title 6 of T.C.A., were originally enacted by Chapter 238 of the Public Acts of 1957, the caption of which reads in part as follows:

"A bill to be entitled: An Act to provide a method and procedure whereby an unincorporated territory may become an incorporated city * * *."

The caption expressly refers only to unincorporated territories. The only legislative intent expressed in the Caption applies to unincorporated territories.

■ ■ Where the caption of an Act is unambiguous and susceptible of only one interpretation, it cannot be enlarged by construction to cover matter not set out therein. *Roberts v. Roane County,* 160 Tenn. 109, 23 S.W.2d 239 (1929).

"[W]herever an act is susceptible of two constructions, one of which may render the Act valid and the other invalid, the courts adopt the construction that will render the Act valid." *Soukup v. Sell,* 171 Tenn. 437, 104 S.W.2d 830 (1937).

Should we construe the Act as applying to existing incorporated cities such construction would run afoul of Article 2, Section 17, of the Constitution of Tennessee; that is, the body of the Act would be broader than the caption.

■ ■ Finally, the record shows that Union City and Elizabethton, incorporated municipalities, adopted the

Modified City Manager-Council Charter at some time prior to the year 1961. Thereafter, the action of these cities in that respect was ratified by enactment of Chapter 293, Public Acts of 1961. These facts could have no bearing on the issue in this cause.

We are of the opinion Chapters 30 to 36, inclusive, Title 6 of T.C.A., apply only to unincorporated territories exclusive of incorporated municipalities.

The judgment of the trial court is affirmed with costs.

BURNETT, CHIEF JUSTICE, and DYER, CRESON and HUMPHREYS, JUSTICES, concur.

### On Petition to Rehear.

■ Petitioners have filed an earnest petition to rehear. The petition correctly points out the writer of the original opinion erroneously stated the City of Elizabethton, Tennessee, an incorporated municipality, had adopted the modified City Manager-Council Charter at some time prior to the year 1961; when, in fact, the record shows the City adopted the modified City Manager-Council Charter in 1965.

It is then insisted no ratifying or validating enactment of the legislature had been enacted since the City of Elizabethton adopted the modified City Manager-Council Charter.

The writer of the opinion should have stated the action of the City of Elizabethton in adopting the modified City Manager-Council Charter was validated by Chapter 584, Public Acts of 1968.

The petition to rehear is granted to the extent indicated. Otherwise, the petition to rehear is denied.