**COCA–COLA BOTTLING COMPANY UNITED, INC., Appellee,**

v.

**Jayne Ann WOODS, Commissioner of Revenue, Appellant.**

Supreme Court of Tennessee.

Aug. 3, 1981.

Rehearing Denied Sept. 21, 1981.

William M. Leech, Jr., Atty. Gen., Joe C. Peel, Asst. Atty. Gen., Nashville, for appellant.

John B. Phillips, Jr., Stophel, Caldwell & Heggie, Chattanooga, for appellee.

## OPINION

FONES, Justice.

The Commissioner of Revenue appeals from the action of the trial court granting plaintiff's motion for summary judgment and awarding recovery of sales taxes paid under protest.

The controlling issue is whether rules promulgated by the Commissioner of Revenue impose limitations on the application of sales tax exemptions granted religious, educational, charitable and governmental institutions that are inconsistent with the statutory directives.

### I.

The facts involved in this case are undisputed. From June 1, 1974, through May 31, 1977, plaintiff sold its product to a great number of religious, educational, charitable and governmental institutions. These institutions included a number of churches, public and private schools, universities, boys and girls clubs, museums, etc. It is undisputed that every one of the religious, educational, and charitable organizations had been issued Blanket Certificates of Exemption from the Commissioner of Revenue, as contemplated by T.C.A. § 67–3014 and Rule 13–5–1–.51(1) of the Department of Revenue. Regarding the governmental entities of the State involved in this case, T.C.A. § 67–3012 does not mandate the need for such Certificates of Exemption, but it is undisputed that all such entities had such governmental certificates as required by Rule 1320–5–1–.55(1) [hereinafter Rule 55(1)] of the Department of Revenue. There is no dispute as to the propriety of issuing these certificates to these organizations in the first place and no dispute as to whether these organizations were bona fide and entitled to the Certificates of Exemption.

During the year 1977, auditors from the Sales and Use Tax Division of the Tennessee Department of Revenue, after a review of plaintiff's books and records, concluded that plaintiff was liable for the sales tax on products sold to some or all of these organizations. The basis for the tax assessment was that under Rule 1320–5–1–.51(5) [hereinafter Rule 51(5)] and Rule 1320–5–1–.55(5) [hereinafter Rule 55(5)] of the Department of Revenue, plaintiff either knew or should have known that the products sold to these organizations were not being consumed or used by them but were being resold. On July 26, 1977, plaintiff paid the tax deficiency of $21,534.42 under protest and on January 19, 1978, filed the present suit to recover this amount plus interest.

### II.

During the years in question, the relevant portion of T.C.A. § 67–3014 read as follows:

*"Exemption of religious, educational and charitable institutions.—There is exempted from the provisions of this chapter any sales or use tax upon tangible personal property sold to churches or church-supported universities, colleges, schools, orphanages, [and numerous other institutions].*

. . . .

*No dealer shall sell and no user shall use any tangible personal property under the claim that the same is exempt from the sales or use tax levied by this chapter,* where the exemption from taxation is claimed because the vendee or user is an educational, religious or charitable institution or organization or historical property and is entitled to an exemption as such institution or organization or historical property under the first four (4) paragraphs of this section, *unless the vendee or user shall have issued to it by the commissioner an exemption certificate declaring that such institution or organization or historical property is entitled to the exemption provided for by said paragraphs.*

*The commissioner is authorized to make final determination after hearing, if demanded, as to whether any institution or organization or historical property is entitled to the benefit of the exemption established by said four (4) paragraphs. The commissioner is authorized to issue exemption certificates to institutions and organizations and historical properties which, in his judgment, are entitled thereto."* (Emphasis added.)

During this same time period, the relevant portion of T.C.A. § 67–3012 stated simply that "[t]here shall . . . be exempted all sales made to the State of Tennessee or any county or municipality within the state." This statute made no mention of the need to acquire exemption certificates.

On June 7, 1974, the Commissioner of Revenue certified the two rules involved in this case. Rule 51(5) states as follows:

"If a dealer sells tangible personal property or taxable services free of the Sales or Use Tax on a Certificate of Exemption as provided for herein when he knows, or should know in the use of ordinary care, that the property, or service which he is selling is not for use or consumption by the religious, charitable, educational, scientific or other similar institution, but is for resale by the purchaser, the registration certificate of the dealer may be revoked by the Commissioner in the manner provided by law and the dealer shall also be liable for the tax."

Rule 55(5) uses identical language dealing with governmental entities.

The issue then is whether Rules 51(5) and 55(5) are consistent with T.C.A. §§ 67–3012 and 67–3014.

■ It is evident from the plain meaning of T.C.A. § 67–3014 that a dealer, such as Coca-Cola, is not required to collect any sales tax from those institutions set forth in the statute. The sole limitation on this exemption is that the institution to whom the product is sold must have had issued to it an Exemption Certificate; there are no other restrictions. There is no mention of any requirement that the dealer must make any inquiry into the use put to the product by the exempt organization once the organization has presented an Exemption Certificate. Rule 51(5) flies in the face of this statute and is therefore void and unenforceable.

■ Likewise, T.C.A. § 67–3012 exempts the dealer from the responsibility of collecting any sales tax when it sells a product to any state, county, or municipal agency within the State. Under this statute, there is not even a need for such agencies to present government Exemption Certificates. It is conceded, however, that all such agencies involved in this case did present such certificates as required by Rule 55(1) of the Department of Revenue. As in T.C.A. § 67–3014, it is clear that T.C.A. § 67–3012 does not require the dealer to make any inquiry as to the ultimate use to which the product is to be put. Rule 55(5) is thus void and unenforceable.

The Commissioner argues that T.C.A. § 67–3002(c)(1) mandates that "sales at re-

tail" must be done "in strict compliance with rules and regulations," and therefore plaintiff must comply with these rules. The simple answer to this argument is that T.C.A. § 67–3045 mandates that the Commissioner can only publish "reasonable rules and regulations *not inconsistent with this chapter* . . . ." (Emphasis added.) The rules involved in this case cannot be categorized as being consistent with T.C.A. §§ 67–3012 and 67–3014.

The Commissioner further argues that it was not the legislative intent to give an absolute exemption from the sales tax in all cases involving exempt organizations, especially when these organizations are re-selling the product. That contention is untenable because the statutory language grants an absolute exemption and its context provides no basis whatsoever upon which to predicate an intent to impose any limitation on the exemption. It is true that " '[e]xemption provisions are most strongly construed against the person claiming the exemption." *Crown Enterprises, Inc. v. Woods*, 557 S.W.2d 491, 493 (Tenn.1977). It is equally true that:

> "[t]he most fundamental rule of statutory construction, however, and the rule applied by this Court is to ascertain and give effect to the intention of purpose of the legislature as expressed in the statute. *See, e. g., State ex rel. Rector v. Wilkes*, 222 Tenn. 384, 436 S.W.2d 425 (1968). Such intent must, of course, be derived from a reading of the statute in its entirety and within its statutory context." *Id.*

In the present case we find the directive of the Legislature to be plain and simple, to wit: no sales tax need be collected from those organizations enumerated in T.C.A. § 67–3014 provided that they have had issued to them a Certificate of Exemption. In the case of governmental organizations, the collection of the sales tax is prohibited without restrictions; the need for such organizations to even acquire Exemption Certificates as required by Rule 55(1) of the Department of Revenue is not an issue that need be decided in this case. Should these procedures prove to be unworkable or subject to abuse, these are matters that are best left to the Legislature and not to the Commissioner or this Court.

In the recent case of *Union Planters National Bank v. Woods*, 590 S.W.2d 455 (Tenn.1979), the Court held that rules promulgated by the Commissioner of Revenue that are contrary to the express directives of the taxing statutes are void and ineffectual.

The decree of the Chancellor is affirmed. Costs are assessed against defendant, Commissioner of Revenue.

HARBISON, C. J., and COOPER, BROCK and DROWOTA, JJ., concur.

OPINION ON PETITION TO REHEAR

PER CURIAM.

The petition to rehear filed by Jayne Ann Woods, Commissioner of Revenue, has been considered by the Court and found to be without merit. It is, therefore, respectfully denied at appellant's cost.