FILED

September 7, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:07 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| JAMES MCCAFFERY, **Employee,** ) | Docket No.: 2015-08-0218 |
| v. ) | State File No.: 44676-2015 |
| CARDINAL LOGISTICS, **Employer,** And ) | Judge Amber E. Luttrell |
| ACE AMERICAN INSURANCE CO., **Insurance Carrier.** ) | |

---

## EXPEDITED HEARING ORDER DENYING TEMPORARY DISABILITY BENEFITS
## (FILE REVIEW DETERMINATION)

---

This matter came before the Court upon the second Request for Expedited Hearing filed by James McCaffery, pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. McCaffery requested the Court decide his interlocutory claim for additional temporary total disability benefits based on a review of the file without an evidentiary hearing. Cardinal Logistics did not request an in-person evidentiary hearing. The Court issued a Docketing Notice on August 1, 2016, allowing the parties five business days to raise any objections to admissibility of any document filed in this case. The parties filed no objections.

This Court finds it needs no additional information to determine whether Mr. McCaffery is likely to prevail at a hearing on the merits regarding his entitlement to additional temporary disability benefits (TTD). Accordingly, under Tennessee Code Annotated section 50-6-239(d)(2) (2015), Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2015), and Rule 7.02 of the Practices and Procedures of the Court of Workers' Compensation Claims (2015), the Court decides this matter upon a review of

the written materials.[1]

The sole legal issue before the Court at this time is whether Mr. McCaffery's attainment of maximum medical improvement (MMI) for his physical injuries foreclosed his right to temporary disability benefits when he is still treating for a mental injury. For the reasons set forth below, the Court holds under Tennessee Code Annotated section 50-6-207(1)(E), Mr. McCaffery is conclusively presumed at MMI; thus, he has not established he is likely to prevail at a hearing on the merits on his request for additional TTD.

## History of Claim[2]

This claim involves an injury Mr. McCaffery sustained in a motor vehicle accident on May 19, 2015, while working as an over-the-road truck driver for Cardinal.

On the date of injury, Mr. McCaffery drove a truck on U.S. Highway 60 traveling from Fort Scott, Kansas to Memphis, Tennessee. He drove into a curve on the highway when he sneezed, causing him to run off the road. He attempted to direct the truck back onto the highway, but he "oversteered," causing the truck to roll over. Mr. McCaffery sustained multiple physical injuries in the accident.

Cardinal denied Mr. McCaffery's claim on grounds his injury did not arise primarily out of and in the course and scope of his employment. Specifically, Cardinal asserted Mr. McCaffery's injury resulted from an idiopathic condition or "Act of God."

Following the denial, Mr. McCaffery filed a Petition for Benefit Determination (PBD) seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation; therefore, the Mediating Specialist filed a Dispute Certification Notice. The Court conducted an Expedited Hearing and subsequently entered an Order Granting Medical and Temporary Disability Benefits. The Court found Mr. McCaffery presented sufficient evidence from which it concluded he is likely to prevail at a hearing on the merits on the issue of compensability and entitlement to temporary disability.[3] Cardinal appealed the Expedited Hearing Order, and the Workers' Compensation Appeals Board affirmed the Court's decision.

In compliance with the Expedited Hearing Order, Cardinal provided Mr.

---

[1] The Court labeled the documentation within the file as "exhibits" for ease of reference only and did not rule on the admissibility of the information into evidence. The documentation is listed as an appendix to this Order.

[2] Mr. McCaffery previously filed a Request for Expedited Hearing for medical and temporary disability benefits. The Court conducted an evidentiary hearing and entered an Expedited Hearing Order Granting Medical and Temporary Disability Benefits. The full history of Mr. McCaffery's claim set forth in the original Expedited Hearing Order is incorporated herein by reference.

[3] The Court notes Mr. McCaffery did not allege a mental injury at his original expedited hearing. Thus, the Court ordered medical and temporary disability benefits for his physical injuries only.

McCaffery a panel of physicians from which he selected Dr. Robert Lonergan for treatment of his orthopedic injuries. The parties asserted that while treating for his physical injuries, Dr. Lonergan referred Mr. McCaffery for psychiatric treatment due to the work-related injury. Cardinal then provided a panel of psychiatrists from which Mr. McCaffery selected Dr. Melvin Goldin. Subsequently, as part of Dr. Goldin's treatment regimen, he referred Mr. McCaffery for psychological counseling. Mr. McCaffery selected Neil Aranov, a clinical psychologist, from a panel offered by Cardinal.[4]

It is undisputed that Dr. Lonergan placed Mr. McCaffery at maximum medical improvement (MMI) on June 28, 2016, for his orthopedic injuries; however, Dr. Goldin has not returned Mr. McCaffery to work or placed him at MMI from a psychiatric standpoint.[5] (Ex. 3.) Dr. Goldin's handwritten note dated June 29, 2016, states, "Pt. cannot return to work [sic] from issue noted above,[6] probably due to med trial/adjustment." (Ex. 4.)

Based upon the position statements of the parties, it appears Cardinal paid Mr. McCaffery TTD benefits while he was off work per Dr. Lonergan. However, it terminated TTD upon Dr. Lonergan's assessment of MMI for Mr. McCaffery's orthopedic injuries on June 28.

Following the termination of his TTD benefits, Mr. McCaffery filed the instant Request for Expedited Hearing seeking additional benefits. Mr. McCaffery contends he has not reached maximum medical improvement according to his authorized treating psychiatrist; thus, he is entitled to ongoing TTD. He submits Tennessee Code Annotated section 50-6-207(1)(D)(i) (2015) is the controlling statute on this issue.

Relying on Tennessee Code Annotated section 50-6-207(1)(E), Cardinal discontinued Mr. McCaffery's temporary disability payments on grounds Mr. McCaffery's active treatment ended for his physical injuries and the only care provided is for the alleged mental injury that arose out of the physical injury.

### Findings of Fact and Conclusions of Law

The Appeals Board noted the longstanding criteria for temporary disability benefits as follows: "An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a

---

[4] The parties did not submit any medical records regarding Mr. McCaffery's orthopedic or psychological treatment. The Court notes the only records filed with this Request for Expedited Hearing were work status notes from the providers.

[5] The Court notes the parties did not submit any records from Mr. Aranov; however, Cardinal asserted in its response to Employee's position statement that Dr. Aranov also has not released Mr. McCaffery to return to work or determined he is at MMI.

[6] The Court notes it cannot determine what "issue noted above" Dr. Goldin referred to in his record, as his handwriting in the note is largely illegible.

3

causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability." *Jones v. Crencor Leasing and Sales,* No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015), *citing Simpson v. Satterfield,* 564 S.W.2d 953 (Tenn. 1978).

Here, the parties' dispute regarding Mr. McCaffery's entitlement to ongoing TTD benefits concerns an issue of statutory construction. Several basic principles govern construction of Tennessee statutes. The central focus when construing any statute, however, is to "ascertain and give effect to the intention or purpose of the legislature as expressed in the statute." *In re Adoption of A.M.H.,* 215 S.W.3d 793, 808 (Tenn. 2007) (citing *State ex rel. Rector v. Wilkes,* 436 S.W.2d 425, 427 (Tenn. 1968)). To that end, unless the language is ambiguous, the Court must derive legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id., citing State v. Flemming,* 19 S.W.3d 195, 197 (Tenn. 2000).

Mr. McCaffery and Cardinal submitted the following statutory language is at issue:

(D)  An employee claiming a mental injury, as defined by § 50-6-102, occurring on or after July 1, 2009, shall be conclusively presumed to be at maximum medical improvement upon the earliest occurrence of the following:

(i)  At the time the treating psychiatrist concludes the employee has reached maximum medical improvement; or
(ii)  [Deleted by 2013 amendment, effective July 1, 2014.]
(iii)  One hundred four (104) weeks after the date of injury in the case of mental injuries where there is no underlying physical injury;

(E)  An employee claiming an injury as defined in § 50-6-102, when the date of injury is on or after July 1, 2014, shall be conclusively presumed to be at maximum medical improvement when the treating physician ends all active medical treatment and the only care provided is for the treatment of pain or for a mental injury that arose primarily out of a compensable physical injury. The employer shall be given credit against an award of permanent disability for any amount of temporary total disability benefits paid to the employee after the date that the employee attains maximum medical improvement as determined by a workers' compensation judge.

Tenn. Code Ann. § 50-6-207(1)(D)-(E) (2015).

4

Mr. McCaffery argued section 50-6-207(1)(D)(i) controls this issue. Because Mr. McCaffery continues to see Dr. Goldin and/or Dr. Aranov for his alleged mental injury arising from his underlying physical injury, he argued under 50-6-207(1)(D)(i) he is not at MMI. Thus, Mr. McCaffery maintained he is entitled to ongoing TTD benefits.

Alternatively, Mr. McCaffery contended that applying section 50-6-207(1)(E) should lead to the same conclusion based on his argument that Dr. Goldin, as a treating physician for the mental injury, has not ended all *active* medical treatment. (Emphasis added.) Thus, Mr. McCaffery cannot be conclusively presumed to be at MMI.

Cardinal countered that a plain reading of section 50-6-207(1)(E) provides that "MMI is *conclusively* presumed for purposes of discontinuing temporary indemnity benefits once the injured worker is placed at MMI for the underlying physical injuries *even if* the injured worker is still receiving treatment for a mental injury that [allegedly] arose primarily out of the work injury."

Cardinal further relied on the Appeals Board opinion *Tolbert v. MPW Industries Services, Inc.*, No. 2015-01-0199, 2016 TN Wrk. Comp. App. Bd. LEXIS 1, at *6, 7 (Tenn. Workers' Comp. App. Bd. Mar. 24, 2016), as well as the trial level opinion from *McNeill v. Trustpoint Hospital, LLC, et al.*, No. 2015-05-0308, 2015 TN Wrk. Comp. LEXIS 68 (Tenn. Workers' Comp. Cl. Oct. 1, 2015), in support of its argument. In *Tolbert*, the employee's treating physician for his physical injuries released him at MMI. However, the employee continued pain management treatment for pain control. Under the facts of the case, the Appeals Board held the conclusive presumption of MMI in section 50-6-206(1)(E) applied. *Tolbert,* at *12-13. Likewise, in *McNeill*, the trial court found the mental injury involved an underlying physical injury. The Court held the employee conclusively reached MMI when her active treatment for the physical injuries ended and her treating physician placed her at MMI. Thus, the trial Court held section 50-6-207(1)(E) applied and the employee was unlikely to prevail on her request for TTD benefits.

Here, in analyzing the statutes in dispute, the Court notes the 2013 Reform Act completely deleted section 50-6-207(1)(D)(ii), which previously addressed MMI for a mental injury arising out of a physical injury. It further deleted and redrafted the language of section 50-6-207(1)(E), which appears to replace subsection (D)(ii) to provide that an employee "shall be conclusively presumed to be at maximum medical improvement when the treating physician ends all active medical treatment and the *only* care provided is for the treatment of pain *or* for a mental injury that arose primarily out of a compensable physical injury." (Emphasis added.) This Court has a duty to construe a statute so that no part will be rendered inoperative, superfluous, void, or insignificant. *McGee v. Best,* 106 S.W.3d 48, 64 (Tenn. Ct. App. 2002).

Based on a plain reading of section 50-6-207(1)(E) and the Appeals Board decision in *Tolbert*, the Court finds it applies to the facts of this case. It is undisputed that Dr. Lonergan released Mr. McCaffery from active treatment at MMI for his physical injuries on June 28. His only remaining care is with Dr. Goldin and/or Aranov for treatment of his mental injury arising out of his physical injuries. Thus, pursuant to subsection (1)(E), cited above, he is conclusively presumed to be at MMI. While the Court is sympathetic to the issue of fairness raised by Mr. McCaffery, it appears these circumstances were contemplated by the Legislature in the revisions to subsections (1)(D) and (1)(E).

Accordingly, the Court holds Mr. McCaffery has not established that he is likely to prevail at a hearing on the merits on his request for additional TTD benefits after June 28. The Court further holds that under subsection (1)(E), Cardinal shall be given credit against an award of permanent disability for any amount of temporary total disability payments paid to Mr. McCaffery after June 28.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. McCaffery's request for additional temporary disability benefits is denied.

2. Cardinal shall be given credit against an award of permanent disability for any amount of temporary total disability payments paid to Mr. McCaffery after June 28, 2016.

**ENTERED this the 7th day of September, 2016.**

**Judge Amber E. Luttrell**
**Court of Workers' Compensation Claims**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

The Court considered the following:

1. Request for Expedited Hearing filed July 18, 2016;
2. Affidavit of James E. Blount, IV;
3. Dr. Lonergan's work-status form dated June 28, 2016;
4. Medical record of Dr. Melvin Goldin dated June 29, 2016;
5. E-mails dated July 6, 2016,-July 13, 2016, between Jimmy Blount and Prairie Arnold; and,
6. Employer's Response to Employee's Petition for Benefit Determination with Exhibits.[7]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Temporary Disability Benefits was sent to the following recipients by the following methods of service on this the 7th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------|-----|-------|------------------|
| Jimmy Blount, Esq. Employee's Attorney | | | X | jimmy@blountfirm.com |
| Prairie Arnold, Esq. Employer's Attorney | | | X | parnold@arnold-lawyers.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

---

[7] The Court notes the response filed by Employer was not a response to a Petition for Benefit Determination as stated in its caption. Rather, it is a response to Employee's Request for Expedited Hearing.

8