**FILED**
**Sep 28, 2020**
**09:27 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **KEVIN RANDOLPH,** | ) | **Docket No. 2020-06-0867** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **R & M ELECTRIC, INC.,** | ) | |
| **Employer,** | ) | **State File No. 68339-2018** |
| | ) | |
| **And** | ) | |
| | ) | |
| **THE HARTFORD,** | ) | |
| **Insurance Carrier.** | ) | **Judge Joshua Davis Baker** |

---

## EXPEDITED HEARING ORDER DENYING MEDICAL BENEFITS

---

In a September 10, 2020, expedited hearing, Mr. Randolph requested treatment with Dr. Sravani Mehta, a specialist in traumatic brain injuries. R & M argued it has no duty to provide treatment with Dr. Mehta because the authorized treating physician never referred Mr. Randolph to her. The Court agrees and denies Mr. Randolph's request for treatment with Dr. Mehta.

### History of Claim

Mr. Randolph suffered a severe injury when he fell approximately fifteen feet while working on a light fixture. R & M provided authorized medical treatment with various doctors, including Dr. Anna-Louise Mollete, a pain-management physician whom Mr. Randolph selected from a panel. However, he also treated with a neuro-ophthalmologist, a psychiatrist, a neurologist, and an orthopedic surgeon.

Dr. James Ho, an optometrist, recommended Dr. Mehta to treat Mr. Randolph's alleged traumatic brain injury and asked Dr. Mollete to make this referral. Dr. Molette never made the referral, nor did any other physician. [1]

Despite this, the insurance adjuster believed Dr. Molette made the referral, so she contacted Dr. Mehta's office to schedule an appointment. Afterward, she canceled the appointment when learning no referral was made.

Although Dr. Molette never referred Mr. Randolph to Dr. Mehta, he argued that R & M waived its right to object to non-physician referrals through its course of conduct in this case. R & M honored non-physician referrals at other times during his treatment. For example, R & M honored a referral from a physical therapist to a neurologist for neurodiagnostic testing to look for evidence of traumatic brain injury. It also honored a previous referral from Dr. Ho for occupational therapy.

R & M denied its past actions dictate its obligations now, claiming it has the authority to either honor or ignore these referrals according to Mr. Randolph's medical needs. In short, accepting non-physician referrals deemed necessary for reasonable and necessary treatment does not mandate acceptance of all non-physician referrals.

## Findings of Fact and Conclusions of Law

Mr. Randolph seeks treatment with Dr. Mehta through workers' compensation. To receive this treatment, he must show he would likely prevail at a compensation hearing on his request for the treatment. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court holds Mr. Randolph failed to carry this burden and denies his request.

Mr. Randolph admitted that Dr. Molette never referred him to Dr. Mehta but argued that Dr. Ho's referral is sufficient for three reasons: 1) the Court should extend to an optometrist the statutory authority of chiropractors, another non-physician provider, to make referrals; 2) R & M waived its opposition of the referral when the adjuster asked Dr. Mehta to accept him as a patient; and, 3) Dr. Molette provided substandard care by placing him at maximum medical improvement without impairment when Dr. Ho expressed the need for more treatment.

R & M contended Dr. Ho cannot make a referral because she is not a physician, and the adjuster's contact with Dr. Mehta did not constitute an offer of authorized treatment because it was made in error. Further, R & M argued that the law permits an employer to direct treatment when providing authorized care, and an employer can approve non-physician referrals when it determines the referrals are needed to ensure effective

---

[1] An optometrist is not a "physician" as defined by workers' compensation law.

2

treatment. R & M also argued that even if Dr. Molette provided "substandard care," her treatment was only a small part of the overall, excellent treatment provided to Mr. Randolph by multiple physicians. He can return to any of them if he requires further treatment.

Regarding Mr. Randolph's argument that Dr. Ho's referral to Dr. Mehta is valid, the Court will first determine whether an optometrist can make a referral that an employer must honor. This requires review of the relevant statutes and application of statutory construction rules.

When an injured employee needs treatment, the Workers' Compensation Law requires the employer to "designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2019). After the employee selects a physician, that physician may make referrals to other specialist physicians when necessary. *Id*. at § 50-6-204(a)(3)(A)(ii).

Several basic principles govern construction of Tennessee statutes. The central focus when construing any statute, however, is to "ascertain and give effect to the intention or purpose of the legislature as expressed in the statute." *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007) (citing *State ex rel. Rector v. Wilkes*, 436 S.W.2d 425, 427 (Tenn. 1968)). So, unless the language is ambiguous, the Court must derive legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id*. citing *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000).

The language of Tennessee Code Annotated subsections 50-6-204(a)(3)(A)(i) and (ii) is unambiguous. The Court must, therefore, apply the plain and ordinary meaning of the statutory language. The language allows referrals only from physicians or chiropractors but no other non-physician providers, such as optometrists. The Court finds that omission of other non-physician providers prohibits those providers from making referrals that an employer must honor. The Court, therefore, holds that Tennessee Code Annotated subsections 50-6-204(a)(3)(A)(i) and (ii) do not require R & M to honor Dr. Ho's referral to Dr. Mehta.

Mr. Randolph next argues that R & M waived its right to oppose Dr. Ho's referral because it honored prior referrals from non-physician providers. The Court disagrees.

Tennessee case law defines waiver as "a voluntary relinquishment or abandonment of a known right or privilege." *Faught v. Estate of Faught*, 730 S.W.2d 323, n.5 (Tenn. 1987). Waiver "may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was [the

3

party's] intention and purpose to waive." *Baird v. Fidelity-Phenix Fire Ins. Co.*, 162 S.W.2d 384, 288 (Tenn. 1942). There can be no waiver of a right or privilege without an intent to do so. *See Faught*, 730 S.W.2d at n.6.

Although R & M assented to referrals by other non-physician providers, here it opposed Mr. Randolph's request to treat with Dr. Mehta. These referrals were for additional testing and occupational therapy. By merely accepting a non-physician referral in the past, R & M did not waive its right to deny other non-physician referrals for which they have no statutory obligation to accept. The Court holds R & M did not waive opposition of Dr. Ho's referral to Dr. Mehta. This conclusion is consistent "with an important public policy underlying the workers' compensation system in general, namely, an employer's right to control medical treatment." *Rhodes v. Amazon.com, LLC,* 2019 TN Wrk. Comp. App. Bd. LEXIS 24, at *18 (June 11, 2019).

Finally, Mr. Randolph argues he should be allowed to treat with Dr. Mehta because Dr. Molette provided substandard care. However, while Mr. Randolph thinks this, he offered no medical proof to support his argument. Further, even if it were substandard, Mr. Randolph can still receive treatment from several other physicians from which he made no complaint about the quality of their care. For this reason, the Court finds the substandard care argument non-persuasive.

It is **ORDERED** as follows:

1. The Court denies Mr. Randolph's request for treatment with Dr. Mehta.

2. The Courts sets this claim for a status conference on **November 2, 2020, at 9:00 a.m. (CST)**. The Court will hold the status conference via telephone. The parties must call (615) 741-2113 or (855) 874-0474 to participate.

**ENTERED SEPTEMBER 28, 2020.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

Exhibits:

1. Affidavit of Mr. Randolph
2. Affidavit of Lee Ann Negron
3. Medical records (94 pages)
4. Dr. Mehta C-32
5. Dr. James Ho C-32 (offer of proof – excluded)
6. Panel C-42

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Employee's Petition for Benefit Determination and Request for Expedited Hearing
5. Motion to Appear by Telephone

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as indicated on September 28, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jesse Waterman, Employee's Attorney | | | X | jesse@tnlaw.com |
| L. Blair Cannon, Employer's Attorney | | | X | l.blair.cannon@thehartford.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**wc.courtclerk@tn.gov**

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____     ☐ Employer ☐ Employee

Address: _____     Phone: _____

Email: _____

Attorney's Name: _____     BPR#: _____

Attorney's Email: _____     Phone: _____

Attorney's Address: _____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*