IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 13, 2023 Session

## STATE OF TENNESSEE, CITY OF MEMPHIS, TENNESSEE v. GEORGETTE BROOKS

**Appeal from the General Sessions Court for Shelby County**
**No. 18500247-01    Patrick M. Dandridge, Judge**

_____

### No. W2018-02299-COA-R3-CV

_____

This is an appeal from a case arising in the Shelby County General Sessions Environmental Court. For the reasons stated herein, this Court lacks subject matter jurisdiction to review this appeal. Moreover, we are unable to transfer this appeal because it was not timely filed for the appropriate court that has subject matter jurisdiction to hear the appeal, and it is, therefore, dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Georgette Elise Brooks, Memphis, Tennessee, Pro se.

Jennifer Sink and Sharon L. Petty, Memphis, Tennessee, for the appellee, City of Memphis.[1]

### OPINION

### BACKGROUND AND PROCEDURAL HISTORY

_____

[1] Although the State of Tennessee has been listed in the caption of this litigation, it does not appear to have an interest in this case. Aside from Georgette Brooks, who is the appellant herein, the only other party of interest here is the City of Memphis. In connection with our observation about this matter, we note that Special Counsel James R. Newsom, III, writing on behalf of the Office of the Attorney General and Reporter, submitted a letter to the appellate court clerk's office during the pendency of the appeal wherein he noted that "[i]t seems that the State has been listed as a party in this case by mistake."

In February 2018, Appellant Georgette Brooks ("Ms. Brooks") was issued a summons to appear before the Shelby County General Sessions Court, Division 14 ("Environmental Court"), to answer charges related to the neglect of nineteen dogs found on her property. Though Ms. Brooks faced various charges, she ultimately pled guilty to one count of failure to maintain requirements for animals and fowl, pursuant to Memphis Code of Ordinances section 5-2. The Environmental Court accepted this plea and dismissed all other charges on November 28, 2018. Ms. Brooks, thereafter, filed a notice of appeal *to this Court* on December 26, 2018.

Although Ms. Brooks raises a number of issues for our review, the City of Memphis, as the appellee herein, submits that the appeal should be dismissed for lack of subject matter jurisdiction. The City alternatively submits that, should this Court determine that it has jurisdiction, the relief sought by Ms. Brooks should be denied in all respects. For the reasons discussed herein, we agree with the City that we lack subject matter jurisdiction to hear this case and therefore dismiss the appeal.

## DISCUSSION

As a threshold issue, a court must have subject matter jurisdiction to adjudicate a case. *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). Subject matter jurisdiction is so fundamental that it may not be waived by either party and requires dismissal when its absence is demonstrated. *Id*. The Tennessee Constitution and statutes confer subject matter jurisdiction upon the courts of this state. *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). As a general matter, our statutes provide that appeals from the general sessions court are reviewable in the circuit court. Tenn. Code Ann. § 27-5-108. In civil actions, final judgments rendered in the circuit court are then appealable to this Court. *See* Tenn. Code Ann. § 16-4-108; Tenn. R. App. P. 3.

This is not to say that a direct appeal to this Court from the general sessions court is always untenable. Of particular note here, given that this case was initially heard in the Environmental Court, we observe that there are certain statutory exceptions where an appeal from the Environmental Court would lie directly to this Court. These exceptions involve instances where the Environmental Court is provided concurrent jurisdiction with courts of record, such as circuit court, from which a direct appeal would lie to this Court. The first exception concerns cases brought as a public nuisance case as defined in section 29-3-101 of the Tennessee Code. *See* Tenn. Code Ann. § 29-3-102 (granting concurrent jurisdiction with circuit court, for instance, for cases brought under this statutory scheme); *see generally State ex rel. Gibbons v. Club Universe*, No. W2004-02761-COA-R3-CV, 2005 WL 1750359 (Tenn. Ct. App. July 26, 2005).

Section 29-3-101 of the Tennessee Code provides a broad classification of public nuisances, including gang-related activity, promotion of prostitution, lewdness, unlawful sale of alcohol or narcotics, among other related activities, while also stating that nuisance

"means that which is declared to be a nuisance by other statutes." Tenn. Code Ann. § 29-3-101. The ordinance under which Ms. Brooks was charged does not implicate any of the definitional meanings of nuisance. Memphis Code of Ordinances section 5-2 provides that:

> No animal or fowl shall be kept or confined where the water, shelter, ventilation and food are not sufficient and wholesome for the preservation of its health and safe condition. No animal or fowl shall be kept in such a place or condition as to become a nuisance either because of odor or contagion.

Memphis, Tenn. Ordinances § 5-2 (1985). While the ordinance plainly makes use of the word "nuisance," section 29-3-101 provides, as noted above, that a nuisance "means that which is declared to be a nuisance by other *statutes*." Tenn. Code Ann. § 29-3-101(a)(2).

When construing statutory language, this Court is required to "ascertain and give effect to the intention or purpose of the legislature as expressed in the statute." *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007) (*citing State ex rel. Rector v. Wilkes*, 222 Tenn. 384, 436 S.W.2d 425, 427 (1968)). Barring ambiguous language, we determine legislative intent "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *Id*. (*quoting State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000)).

Here, the language of section 29-3-101 of the Tennessee Code unambiguously accords other *statutes* the capacity to define a public nuisance. To assert that an *ordinance* could declare a public nuisance under section 29-3-101 would be an impermissible extension of the statute's meaning. As such, we conclude that Memphis Code of Ordinances section 5-2 does not fall under the definition of public nuisance pursuant to section 29-3-101 of the Tennessee Code, thereby not extending subject matter jurisdiction to this Court to hear a direct appeal.

Additionally, the Environmental Court is conferred concurrent jurisdiction with chancery and circuit courts in adjudicating cases under the Neighborhood Preservation Act. Tenn. Code Ann. § 13-6-107. Cases brought under this statutory scheme are somewhat unique in that the petitioner must initiate the case by filing for an in rem judgment. Tenn. Code Ann. § 13-6-106. Here, the charge at issue on appeal concerns Ms. Brooks personally, rather than her property. As such, this is clearly not a case under the Neighborhood Preservation Act where the appeal from the Environmental Court would lie directly to this Court.

Because this case does not qualify for one of the statutory exceptions in which the Environmental Court has concurrent jurisdiction with courts from which an appeal would lie directly to this Court, we conclude that this Court does not have subject matter jurisdiction to hear this appeal.

Though we cannot address this appeal on the merits, the typical remedy for an appeal filed in the incorrect court is to transfer the case to the appropriate court. Tenn. Code Ann. § 16-4-108(a)(2); *see* Tenn. R. App. P. 17; *see also State ex rel. Smith v. Thorne*; No. M2016-01966-COA-R3-JV, 2017 WL 1855172, at *5 (Tenn. Ct. App. May 8, 2017). However, this Court has previously held that transfer is only possible if the notice of appeal was timely filed for the appropriate court that has subject matter jurisdiction to hear the appeal. *In re Brian G.*, No. M2017-01586-COA-R3-JV, 2018 WL 4181474, at *3-4 (Tenn. Ct. App. Aug. 30, 2018).

Here, the case before us was finalized in the Environmental Court on November 28, 2018. Ms. Brooks filed her notice of appeal in this Court on December 26, 2018. While such a filing would have been timely for a direct appeal to this Court, such an appeal was not available here for the reasons previously explained. When the appeal from the Environmental Court (a division of the general sessions court) is not to this Court, the statutory time for filing an appeal is ten days. *See* Tenn. Code Ann. § 27-5-108 (providing that appeals from the general sessions court to the circuit court occur "within a period of ten (10) days"); *see also State v. Osborne*, 712 S.W.2d 488, 491 (Tenn. Crim. App. 1986) (stating that Tennessee Code Annotated section 27-5-108 "allows an appeal as of right to the circuit (or criminal) court within ten . . . days").[2] Because Ms. Brooks' appeal was not timely filed within this ten-day time period, it cannot be transferred and therefore must be dismissed. *See In re Brian G.*, 2018 WL 4181474, at *3-4.

## CONCLUSION

For the reasons stated herein, the appeal is dismissed.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[2] Typically, circuit courts have original jurisdiction over all crimes and misdemeanors. Tenn. Code Ann. § 16-10-102. However, certain Tennessee judicial districts, such as in Shelby County, also have a specialized criminal court alongside circuit court. *Clinton Books, Inc. v. City of Memphis*, 197 S.W.3d 749, 753 (Tenn. 2006); *see generally Flynn v. State*, 313 S.W.2d 248 (Tenn. 1958) (describing the legislative history and purpose of these criminal courts). Even in judicial districts with a specialized criminal court, appeals from general sessions court, as set out in Tennessee Code Annotated section 27-5-108, must be filed within ten days, regardless if the action is criminal or civil.